Mrs. Merle COOK, a widow, Robert Dale
Wright, Brenda Gaye Cope and
Dick N. Cope, Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellee.

No. 4763.

Court of Civil Appeals of Texas.

Waco.

Dec. 12, 1968.

E. D. Forbes, Dallas, Newman & Houston, A. Joe Riddles, Carrollton, for appellants.

Gardere, Porter & DeHay, Fred T. Porter, Frank J. Betancourt, Dallas, for appellee.

## OPINION

WILSON, Justice.

Summary judgment was rendered for appellee in its action for declaratory judgment that a policy of automobile liability insurance (which it had issued to Mrs. Cook as named insured, on her passenger car) provided no coverage for her or to Wright, the driver of a pick-up truck involved in an accident.

The expiration date of appellant's policy was November, 1967. It covered Mrs. Cook's passenger car. September 28, 1967 appellant Wright bought a pick-up truck from a dealer, but as Wright was a minor the title certificate was issued in the name of Mrs. Cook. Wright made a down payment on the car, and paid for license plates, insurance issued by another insurer, and sales tax. Mrs. Cook signed a note for the balance, on which Wright made the monthly payments. Wright paid all maintenance and operating costs. It was agreed Mrs. Cook would assign the title certificate to Wright when the car was paid for. He was driving the truck when it was involved in an accident October 27, 1967. Wright and Mrs. Cook demanded that appellee defend them in litigation brought by third persons growing out of the accident.

Appellants assert that since the accident occurred within 30 days after acquisition of the truck, it was covered under Mrs. Cook's automobile policy as a newly acquired automobile. The policy is not before us.

Appellee's motion for summary judgment incorporated quoted excerpts from the depositions of Wright and Mrs. Cook, which are also quoted in appellee's brief. The trial court's judgment recites these depositions were considered on the motion. The deposition testimony quoted was to the effect that Wright had exclusive control of the truck; that he was its actual owner. Mrs. Cook testified there was no question in her mind "that Robert Wright is the owner of the pick-up" from the date of its purchase. She did not ask appellee to insure it and gave no notice she had acquired another vehicle.

Appellants say the fact that the title certificate was issued in Mrs. Cook's name raised a genuine issue of fact as to her ownership. If this should have been a material issue (which we do not decide), she negatived the contention by her testimony: "From that day on he was the owner of the truck"; "Robert Wright is the owner of the truck"; and "It was in my name, but I hadn't really acquired it." Wright's testimony was to the same effect.

In this state of the record we cannot say the trial court's judgment is not correct. See Pioneer Mutual Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202–204;

**194**

National Automobile & Cas. Ins. Co. v. Alford, Tex.Civ.App., 265 S.W.2d 862, writ ref., n. r. e.

Affirmed.