## AMERICAN BONDING COMPANY v. W. W. WILLIAMS, RECEIVER.

### Decided October 17, 1910.

### 1.—Assignment for Creditors—Receivership—Jurisdiction.

If the proposition was correct that a District Court had no authority to appoint a receiver for the estate of an insolvent until a statutory assignee of the same estate then in possession of the same had been removed or had resigned, still, an order of the court, at the instance of a creditor, appointing a receiver for such estate in a proceeding to which the assignee was a party four years after the assignee had collected the estate and paid the established debts, would be tantamount to a removal of the assignee, and the receiver so appointed would have a right to sue the assignee for possession of the estate, and the court would have jurisdiction of the suit.

### 2.—Same—Surety—Conversion—Limitation.

When an action by a receiver of an insolvent's estate to recover the value of the estate from a statutory assignee of the same and the surety on his bond, is based upon an order of court. appointing the receiver and ordering the assignee to turn over the estate to the receiver, the statute of limitation would not begin to run against the action until the assignee refused to comply with the order of the court.

### 3.—Same—Surety—Order of Court—Collateral Attack.

When an assignee of an insolvent's estate has been ordered by a court of competent jurisdiction to turn over to a receiver the property of the estate in his possession, and such order was not objected to by the assignee nor appealed from, in an action by the receiver against the assignee to enforce the order of the court, neither the assignee nor the surety on his bond could attack such order. The order would not be subject to such collateral attack.

Appeal from the District Court of Jefferson County. Tried below before Hon. J. D. Martin, Special Judge.

*Meador & Davis,* for appellant.—Where a party has been appointed assignee of an estate and he has duly qualified, the District Court does not have jurisdiction to appoint a receiver of the same estate until after the deed of assignment has been set aside, the assignee removed by order of court properly entered, or until the assignee has resigned; and said order appointing a receiver is void and may be attacked collaterally. Rev. Stats., art. 84; Keating v. Vaughn, 61 Texas, 521-6; Perry v. Stephens, 13 S. W., 984-5; McIlhenny Co. v. Todd, 9 S. W., 447; DeWalt v. Zeigler, 29 S. W., 61; 17 Ency. of Plead. & Prac., p. 752; Bowman v. Hazen, 77 Pac., 595.

Where a creditor of an estate in the hands of an assignee refuses to accept under the deed of assignment, and files suit against the assignee and estate assigned, limitation will begin to run at the time of filing such suit, in favor of surety on assignee's bond. Rev. Stats., arts. 76, 78, 3356; Kauffman y. Wolf, 13 S. W., 987, and authorities cited; Wofford v. Unger, 55 Texas, 483; Turner v. Smith, 11 Texas, 629-30; McIlhenny Co. v. Todd, 9 S. W., 446; Hill v. McDonald, 58 Hun., 322; 11 N. Y. Supp., 813.

A suit for debt or damages by creditors, either individually or by and through a receiver, against assignee of an insolvent estate, can not

be maintained on a petition that does not allege the creditors to be consenting creditors under the deed of assignment, the statutory procedure being by way of garnishment. DeWalt v. Zeigler, 29 S. W., 60, and authorities there cited; Hughes v. Potts, 87 S. W., 708.

*J. D. Wilkerson,* for appellee.—The court did not err in overruling the plea in abatement, because the court was authorized to appoint a receiver of property in the hands of an assignee, and such appointment can not be attacked collaterally. Smith on Receiverships, par. 149; High on Receivers, p. 437; 23 Am. & Eng. Ency. of Law (2nd ed.), p. 1014; 3 Am. & Eng. Ency. of Law, p. 149.

The court did not err in its conclusion of law that "The authority of W. W. Williams to bring this suit can not be questioned," because the appointment of W. W. Williams was not void. 17 Am. & Eng. Ency. of P. & P., p. 753; Holland v. Preston, 41 S. W., 375; Edrington v. Pridham, 65 Texas, 615.

The statute of limitation does not begin to run in favor of the surety on an assignee's bond until the breach of the bond by the principal. Wilson v. Wichita Co., 4 S. W., 67; Hetten v. Lane, 43 Texas, 289.

In order to hold an assignee's surety liable, it is not necessary to allege and prove an actual embezzlement and misappropriation of funds in detail, but only that the authorized plaintiff made demand, and the refusal or failure to deliver upon demand. Wilson v. Wichita Co., 4 S. W., 67.

An assignee forfeits his right to compensation if he is guilty of misconduct or misappropriation of funds. 3 Am. & Eng. Ency. of Law, p. 119; 23 Am. & Eng. Ency. of Law, p. 1105; 28 Am. & Eng. Ency. of Law, p. 1038; Davis v. Swedish Amer. Nat'l. Bank, 79 Am. St. Rep., 400.

REESE, ASSOCIATE JUSTICE.—In this case W. W. Williams, as receiver of the Trenton Rock Oil Company, sued H. B. Stoddard and the American Bonding Company, surety on his bond as assignee, under the statute, of said oil company, to recover certain money alleged to have been received by Stoddard as assignee for the benefit of creditors, under the statute, of said oil company, which is alleged to be still in his hands and which he has been ordered to deliver to said Williams, receiver.

Upon trial without a jury there was judgment for the receiver against both defendants for $3585.85, including interest, from which judgment the bonding company prosecutes this appeal.

None of the conclusions of fact of the trial court is attacked by either party. They are nearly altogether based upon an agreement as to the facts entered into by the parties. We adopt the conclusions of the trial court as our conclusions of facts, as follows:

"Upon the 13th day of January, 1903, the Trenton Rock Oil Company, a corporation, having its principal office in Jefferson County, Texas, being indebted to various creditors, executed and delivered to the defendant, H. B. Stoddard, a deed of assignment to all of its properties for the benefit of its creditors, said assignment being a general

assignment for the benefit of all creditors under the laws of the State of Texas, and being in the form required by law.

"The said H. B. Stoddard qualified as assignee under said deed of assignment, executed bond in the sum of $12,000 with the American Bonding Company of Baltimore as surety, that being the amount fixed by the county judge of Jefferson County, Texas, and said bond was approved by said county judge and filed in the office of the county clerk of Jefferson County as required by law.

"The said H. B. Stoddard, after having qualified as such assignee, took charge of all the property and assets of the said Trenton Rock Oil Company. He sold various items of property, and received as such assignee the sum of $6850 belonging to the Trenton Rock Oil Company.

"The said H. B. Stoddard paid out $955.50 in the expenses of said administration, and paid debts amounting to $2656.68, the majority of the debts being paid by him during the year 1903, and prior to the first day of June, 1903.

"The debts paid by him were debts scheduled in the deed of assignment, with the exception of vouchers 37, 43, 44 and 45, aggregating $73.80, but the claims of such creditors as were paid were not properly proven up as required by the laws of this State under deeds of assignment.

"After the payment of the above amounts a balance of $3237.82 was left in the hands of the said H. B. Stoddard, as such assignee. All of the above facts being admitted by both parties.

"On the 18th day of March, 1903, the Moore-Skinner Company filed its suit against the Trenton Rock Oil Company and others, H. B. Stoddard being one of the defendants, and being No. 3766 upon the docket of the District Court of Jefferson County, Texas. In said petition the plaintiff prays for a writ of injunction against all of the defendants restraining them from selling certain property belonging to the Trenton Rock Oil Company, and asks that a receiver be appointed to take charge of all of the assets of the Trenton Rock Oil Company, and that judgment be rendered against the defendants in its favor.

"Upon March 18, 1903, the judge of the District Court in which said suit was filed, set the same down for hearing, upon the application for the appointment of a receiver and an injunction, on the 28th day of March, 1903.

"Said case was not tried, nor were any further orders entered in the same until the 7th day of October, 1907, when, upon a regular hearing, the said H. B. Stoddard, defendant, being present by his attorney, the plaintiff in this case, W. W. Williams. was appointed receiver of all the assets and properties of the Trenton Rock Oil Company, and the said H. B. Stoddard ordered to turn over and deliver to said receiver, W. W. Williams, all the property, money, books and papers which had come into his hands as assignee under said deed of assignment or otherwise. The said W. W. Williams qualified as such receiver, and made a de-

mand upon the said H. B. Stoddard for all property and money in his hands, said demand being made in writing upon the 21st day of November, 1907.

"The said Stoddard having been notified of said order, and having received said written demand on said date, failed and refused to turn over said funds or the balance in his hands to said receiver, W. W. Williams. Said Stoddard was cited to show cause why he should not be held in contempt of court for failure to comply with its demands, said notice being served upon him, and he failed to appear. He was afterwards arrested on a bench warrant in said contempt proceedings, and gave bond conditional upon his appearing on the 8th day of June, 1908. He failed to appear on said date and has never appeared and answered in said contempt proceedings before said court, and the same are still pending. The said Stoddard has never turned over to the receiver any of the funds in his hands, nor has he offered to do so, and he still has on hand, or should have on hand, the sum of $3237.82 belonging to the estate of the Trenton Rock Oil Company, received by him in his official capacity as assignee under said deed of assignment."

Appellant pleaded in abatement to the action against it, that the receiver had no authority to bring this suit and the court no jurisdiction to hear and determine it, for the reason that the appointment of the receiver to take possession of the property and assets of the Trenton Rock Oil Company, then in the hands of Stoddard as assignee for the benefit of creditors, under the statute, who had not resigned nor been removed from such trust, was void. The plea was overruled. The same objection was made by general demurrer and special exception, which were also overruled. The question thus raised is presented by the first, second and third assignments of error, and is also presented by the ninth assignment attacking the conclusion of law of the trial court that the authority of the receiver and the right of the district judge to appoint him, can not be collaterally attacked in this proceeding.

Stoddard was appointed assignee January 13, 1903, and qualified at once. By June 8th he had reduced the assets of the estate to cash, and had paid debts and expenses amounting to $3612.18, leaving in his hands $3237.82. Up to the date of the appointment of the receiver in 1907, the assignee is not shown to have done anything in the discharge of his duties. He simply kept the money. If it were true that the court had no jurisdiction to appoint a receiver until the assignee was removed or had resigned, such appointment in 1907 was tantamount to a removal of the assignee. The receiver was appointed upon the first amended petition of the Moore-Skinner Company, original plaintiffs, and the first amended petition of the Peden Iron & Steel Company, intervening creditors, and the effect of the order was to place the assets of the Trenton Rock Oil Company in the custody of the court to be administered by its receiver for the benefit of such persons as might show themselves entitled thereto. The question of the correctness of the court's action in appointing the receiver is not before us, but only the question of its

power to do so in the exercise of such jurisdiction as is vested in it by law. It seems to us clear that the order was one which the court had the legal power to make. (23 Am. & Eng. Ency. of Law, 1014.) Stoddard was a party to the application for the appointment of the receiver, and was represented at the hearing, and so far as appears from the record made no objection.

The suit of Moore-Skinner Company was to recover a debt, and although a lien was asserted upon certain property, and it was specifically sought to have delivery of certain oil, the prayer was for the appointment of a receiver of all the property of the Trenton Rock Oil Company.

The petition of the intervener, Peden Iron & Steel Corporation, upon which also the appointment was made as appears from the order, is not in the record, so we must assume that it was sufficient to authorize the appointment of a receiver of the whole property, if the court had jurisdiction. The assignment of error must be overruled.

Appellant pleaded the four years statute of limitation in bar of the present action. The trial court found against the plea, and this finding is made the basis of the fourth and eighth assignments of error. This action is brought to recover the amount of money actually in the hands of Stoddard as assignee, and is based upon the order of the court appointing the receiver and ordering Stoddard to deliver all the property of the estate of the Trenton Rock Oil Company in his hands, to the receiver, and his failure to do so. The cause of action accrued upon the failure to pay over the money upon demand, which occurred within less than a year prior to the institution of the suit. This failure constituted the breach of the bond upon which the suit against appellant, as surety, is predicated. The ruling of the court that the action was not barred, was not error.

As this is not a suit by any creditor of the Trenton Rock Oil Company to compel Stoddard, as assignee, to pay such debt, it was not necessary for plaintiff, the receiver, to have alleged that such creditor had consented to the assignment, or proved up the claim under the assignment, or made demand upon Stoddard to pay such claim. This action is an entirely different action. In fact, the right of the receiver to the money being conclusively settled, as against such collateral attack as is here made, by the order appointing him receiver and ordering Stoddard to pay over, not objected to or appealed from, no defense could be made to this action by Stoddard, nor does the appellant, as surety on his bond, stand in any better attitude so far as this record discloses. The record conclusively shows that demand was made on Stoddard by the receiver for the money, which was refused; that he has in his hands as such assignee the amount for which he and appellant are charged; that it is the property of the Trenton Rock Oil Company, and his failure to pay it over to the receiver appointed by the court to take charge of the assets and property of the oil company for the benefit of all persons entitled thereto, when properly ordered to do so, is such a misappropriation of the money, secured in his hands as assignee by the bond, as to

constitute a breach of such bond for which appellant is also liable. The fifth, sixth, seventh and tenth assignments of error and the propositions thereunder, are severally overruled.

The deed of assignment provided that the assignee should be entitled to a commission of five per cent for his services in administering the trust. No answer appears in the record of this suit, for Stoddard. The answer of appellant contains no reference to this claim of commission. The trial court refused to allow any credit for commissions on the ground of the misconduct of Stoddard in failing and refusing to turn over the money to the receiver as shown by the conclusions of fact. By assignment No. 11 and proposition thereunder appellant attacks this action of the court on the ground that the appointment of the receiver being void, Stoddard was not required to obey the order of the court to turn over the money to him. No other objection is made to the ruling. Under our conclusion that such order was not void, this ground of error can not be sustained, and the assignment must be overruled.

We find no error in the record and the judgment is affirmed.

*Affirmed.*