# FIRST STATE BANK OF LYFORD v. PARKER.

### No. 8404.

Court of Civil Appeals of Texas. San Antonio. April 2, 1930.

Rehearing Denied April 30, 1930.

A. B. Crane, of Raymondville, for appellant.

Gerron & Gerron, of Raymondville, for appellee.

COBBS, J.

Appellant sued appellee in the county court of Willacy county for the sum of $175, with interest and attorney's fees, being the balance due on a promissory note signed by appellee, and for foreclosure of the chattel mortgage securing same.

The defendant, appellee herein, answered and admitted the note and mortgage and filed a cross-action, alleging that on November 23,

1926, he had money in the plaintiff bank, and gave a check for $1.50 to N. G. Henderson, and that Henderson or some person raised the check to $196.50, without his knowledge or consent; that he demanded his money from plaintiff bank, and that it had promised to recover said money but failed to do so; that on or about the 25th day of January, 1929, due to the fact that appellant bank had failed to recover the said money, and that appellant was indebted to him in the amount of $195, appellee was forced to execute the note and chattel mortgage herein sued on, and appellee prayed judgment against appellant bank for the sum of $195 and interest.

To this pleading plaintiff filed a plea of misjoinder of causes of action, general denial, and specially pleaded the two-years' statute of limitation. Rev. St. 1925, art. 5526.

The case was tried without a jury, and the court filed his findings of fact and conclusions of law and entered his judgment in accordance therewith.

Pertinent to and as the controlling issues the court found:

"That defendant never wrote his checks, himself, but always had someone else to write them, but he always signed the checks. Defendant had to his credit in the said bank, the sum of $1724.49 in October 1926.

"That on or about the 23 day of November, 1926, defendant signed a check for $1.50 payable to one N. G. Henderson who had been in this community (Lyford) for a period of not more than one week, and who was unknown to any of the parties to this suit prior to his entrance in the community of Lyford, and signed 'T. B. Parker.' The defendant loaned this amount of money, ($1.50) to N. G. Henderson so that Henderson could go to Harlingen and get his clothes, and agreed to return and work for defendant on his farm, he and defendant agreeing on terms of hiring, and said Henderson was to begin work right away, as soon as he could return from Harlingen. Henderson never has returned till this day.

"That this check was signed in the evening of the 23 day of November, 1926, at Mr. Roberts store in the town of Lyford, about three blocks from the bank, and was then delivered to said Henderson. Defendant had met said Henderson and engaged him in conversation in regard to employing him on his farm, two or three days before this time. This was all the acquaintance defendant had with him, and no one else in this vicinity knew Henderson very well or for any longer time. He had been in the bank and had drawn a draft on a foreign bank for a large amount of money, but it was returned unhonored after Henderson had left the community and the bank had advanced him $15.00. That his check was presented to the First State Bank of Lyford for payment on this same day, November 23rd,

1926, but had been altered and the amount of the check had been raised to $196.50 after Parker had delivered it to Henderson. The bank paid the check to Henderson. Henderson endorsed the check at the bank in the presence of the officers of the bank and received therefor $196.50.

"That on or about December 1st, 1926, the Bank notified the defendant that his account was overdrawn. The defendant came to the First State Bank of Lyford and informed it that he had not given a check to Henderson for $196.50, but that he had signed a check to him for $1.50, and that the check had been raised in the sum of $195.00. The Bank informed the defendant that the $196.50 had been charged against his account. The Bank asked to keep the check in order to assist in finding the said Henderson, saying that the check would be delivered to a detective for the purpose and to assist Parker in getting the money on the check, to which Parker agreed.

"About the 1st of July, 1929, the defendant demanded his check (the check he had given to Henderson and been raised by someone besides himself) and also demanded of the bank to pay him the $195.00, the amount the check had been raised. The bank refused to pay him the $195.00 and refused to give defendant the check.

"The defendant made his note to the said bank for $225.00 on the 28th day of January, 1929, borrowing this amount of money from the bank, and executed a chattel mortgage on some personal property belonging to defendant. Defendant thereafter paid $50.00 on said note. Said note was due in six months thereafter; $175.00 is unpaid.

"The plaintiff brought this suit against the defendant on the note and asked judgment for the unpaid balance of $175.00, interest, attorney fees and costs, and prayed for a foreclosure of its mortgage lien on property described in plaintiff's petition. Defendant reconvened in his answer setting up his claim against the bank for the $195.00, the amount the check was raised, by way of set-off and counter-claim, and asked judgment against the bank for this amount with interest and cost of suit."

We do not think the court erred in overruling all the exceptions and pleas.

■■ We believe that it is connected with, and grows out, of the same transaction of the forgery. Because the defendant, under the circumstances as found by the court, allowed the bank to retain the forged check to collect it, and to credit the same to the defendant's account when collected, does not change the original proposition that the bank was liable to the defendant because it, in the absence of care, paid a forged check for which he was in no way responsible. At the time the forged check was charged to appellee's account, appellant bank took it for the purpose of collec-

tion and to apprehend the criminal. First State Bank of Seminole v. Shannon (Tex. Civ. App.) 159 S. W. 398; American Bonding Co. v. Williams, 62 Tex. Civ. App. 319, 131 S. W. 652. Appellee had no cause of action upon the bank's implied contract to repay until after demand was made and notification from the bank that his claim would not be paid, and hence the statute of limitation did not begin to run until demand. First State Bank of Seminole v. Shannon, supra. Appellee made demand for the check and for his money on the 1st day of July, 1929, and appellant then refused to give up the said check or to pay the money. Austin v. Cahill, 99 Tex. 172, 88 S. W. 542, 89 S. W. 552; Burney v. Burney (Tex. Civ. App.) 261 S. W. 182.

■ When a drawee pays a forged check he is liable, though drawer's negligence is the proximate cause of the payment of a greater amount. A bank is liable for money deposited with it, regardless of how it may be lost. Glasscock v. First National Bank of San Angelo, 114 Tex. 207, 266 S. W. 393, 36 A. L. R. 320; Duncan v. Magette, 25 Tex. 245.

While appellee may not have been negligent in the drawing and delivery of the check, still, if there was any negligence upon the part of the appellee, that would not relieve appellant bank of its liability. The liability of a bank in paying a forged check is well established, so we need not further discuss it.

We find no reversible error assigned, and all assignments and propositions are overruled. The judgment is affirmed.