**ROBERSON v. BOARD OF INSURANCE COM'RS OF TEXAS et al.**

No. 9371.

Court of Civil Appeals of Texas. Austin.

April 14, 1943.

Rehearing Denied May 5, 1943.

Marvin Roberson and H. D. Payne, both of Fort Worth, for appellant.

Gerald C. Mann, Atty. Gen., and Geo. W. Barcus, Wm. J. R. King, and Ocie Speer, Asst. Attys. Gen., for appellee.

McCLENDON, Chief Justice.

Acting through the Attorney General, the Board (Board of Insurance Commissioners of Texas) and Will G. Knox, in his capacities as Statutory Liquidator for the Board and as receiver of Metropolitan (Metro-politan Union, a local mutual aid association), brought this suit in the justice court against Marvin Roberson for $162.83, alleged shortage in the mortuary fund of Metropolitan accruing during the incumbency of Roberson as president of Metropolitan; and against Lloyds (Lloyds Casualty Insurer), surety on his fidelity bond. Roberson and Lloyds each answered separately, the former by general denial and the latter by general denial and plea over against the former for any sums it might be required to pay under the bond. Neither defendant appeared at the trial, and judgment was rendered against them. Roberson appealed to the county court at law, where upon a trial in which neither defendant appeared, but defaulted, judgment was rendered in favor of plaintiffs in their official capacity, "for the benefit of the creditors and policy holders of Metropolitan" against Roberson and his sureties upon his appeal bond from the justice court, and Lloyds for the $162.-82; and Lloyds recovered over against Roberson such sums as it might pay in satisfaction of the judgment. Roberson alone has appealed.

Roberson's brief presents 9 points of alleged error. The first 8 of these assert the invalidity of Title 78, R.C.S., Vernon's Ann.Civ.St. art. 4679 et seq. (relating generally to the subject of insurance), and various articles of that Title as being violative of the following provisions of the Texas Constitution, Vernon's Ann.St.: Secs. 1, 13, 15, and 19 of Art. I; Sec. 1 of Art. II; Sec. 1 of Art. IV; and Sec. 1 of Art. V. We overrule these points for each of the following reasons:

1. The receiver sued in his capacity as such under an allegedly valid judgment of appointment rendered by the 53rd District Court of Travis County. That court had general jurisdiction of the subject matter (the appointment of a receiver), and the validity of its judgment could not be challenged except by a sworn plea to the effect that the receiver was "not entitled to recover in the capacity in which he sues" as required by Rule 93 subd. c, Texas Rules of Civil Procedure. There was no such pleading.

2. Since, as stated, the judgment appointing the receiver was one the subject matter of which was within the jurisdiction of the appointing court, the judgment of appointment could not be attacked in a collateral suit or proceeding of which this was one. Edrington v. Pridham, 65

544

Tex. 612; Spence v. State Nat. Bank, Tex. Com.App., 5 S.W.2d 754; Robins v. Sanford, Tex.Com.App., 29 S.W.2d 969; American Bonding Co. v. Williams, 62 Tex.Civ. App. 319, 131 S.W. 652; Tex.Jur.Vol. 36, p. 126, § 58, and Vol. 25, p. 250, § 250 et seq. Under these holdings the constitutional questions raised are immaterial.

Point 9 is presented as "fundamental error" and reads: "It is fundamental that the pleadings and the evidence must correspond, and a judgment without evidence to support it is void and of no effect." Under this point it is urged that the suit should have been brought (Art. 4875a—7, Vernon's Ann.Civ.St.) "in sovereign name of the State of Texas, and not then until the mandatory duties had first been performed as provided by said article." Specifically it is asserted that there was neither pleading nor proof of any of the following matters: (a) when the Board was informed, if at all, that Roberson had violated the terms of the bond or that demand was made upon him for a written explanation; (b) that the Board notified him to appear with his records, etc., within the designated time, or that the Board had a hearing; (c) that the Board prepared a statement of facts and delivered it to the Attorney General; (d) that the latter received such statement or made an investigation of the facts. Further it is contended (all under point 9) that the suit can not be maintained because not brought within one year from the discovery of the loss as provided in the fidelity bond.

There is no merit in the contention that the suit must be brought in the name of the State. Art. 4875a—7 does not so provide. But aside from this the suit was properly brought by the receiver under valid judicial appointment, and the cited article was, at least to that extent, inapplicable.

As regards the failure of pleading and proof to show that the various above specific things had been done: These things, if essential prerequisites to suit, were, we think, only for the purpose of fixing liability on the bond in a suit by the Board under the cited article. The surety is not complaining of the judgment. Moreover, these matters, if available, were only so as a defense and were not urged in the court below. Independently of this, however, if Roberson was indebted to Metropolitan, the receiver had a right to sue upon that indebtedness wholly independently of

the cited article and regardless of whether any bond had ever been executed. None of the asserted matters could avail to defeat that liability.

Failure to bring the suit within one year after discovery of the loss was a limitation provision which, to be availed of, must be specially pleaded. This was not done.

The trial court's judgment is affirmed.

Affirmed.