**LOCKWOOD NATIONAL BANK, Appellant,**

v.

**T. W. JENNINGS et ux., Appellees.**

No. 14396.

Court of Civil Appeals of Texas.

Houston.

July 9, 1964.

Rehearing Denied Sept. 10, 1964.

Robert J. Malinak, Houston, Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellant.

Joe J. Newman, Houston, Sanders, Francis & Bear, Houston, of counsel, for appellees.

BELL, Chief Justice.

Appellees recovered judgment against appellant for $900.00 with interest thereon at the rate of 6% from November 7, 1962, after a jury verdict favorable to them except for the answers finding appellees were guilty of negligence which proximately caused their loss. The court disregarded these answers.

On February 21, 1962, Mrs. T. W. Jennings, being duly authorized, signed the name of her husband, T. W. Jennings, to a check drawn on appellant, the check being in the amount of $6.00. It was given to a person named Perry Jones, who was a stranger to appellees, who came by their home and sold them some roach spray. Mrs. Jennings told the payee to fill in the check and he did so in the presence of appellees. After it was completed, except for the maker's signature, Mrs. Jennings signed the name, T. W. Jennings. The jury

found on sufficient evidence that the check at that time was payable in the amount of $6.00. When appellees received their bank statement in March, 1962, they found the cancelled check but it had been raised in amount to $906.00. The bank paid $906.00 on presentation of the check. The day after receiving the cancelled check appellees notified the appellant and demanded the $900.00 that had been paid in excess of the $6.00 for which the check had been executed.

After the check was signed by Mrs. Jennings it was in this form:

"LOCKWOOD NATIONAL BANK

Houston, Texas             Feb 21   1962

Pay To The
Order of            Perry Jones                    $ 6.00

Six Dollars   no/100 ------------------Dollars

Mr. or Mrs. T. W. Jennings
T. W. Jennings"

It will be noted a blank space was left between the dollar sign and the figure "6" sufficient in length to allow the insertion of the figure "90". This was done, apparently by Jones, because the handwriting on the check, except for the signature "T. W. Jennings", is the same. Also a blank space ahead of the words "Six Dollars" was left which was of sufficient length to write the words "Nine Hundred and". These last words were filled in by Jones, presumably, ahead of the words "Six Dollars". Unquestionably there was nothing about the check when it was presented to the bank to cause any suspicion.

The jury found the act of appellees in leaving these blanks to be negligence and that such was the proximate cause of their loss. These are the answers the court disregarded. There were other findings that are not material.

The sole question is, who is liable for loss where a party draws a check in such form that it can be changed to read for a larger amount, in such manner as not to excite the suspicion of a reasonably prudent person, and it is, after it has been delivered to the person in whose favor it is drawn, so changed, under circumstances constituting forgery, and the same, upon presentation to the drawee, is paid, without knowledge on his part of such forgery, and without knowledge of such fact as would put a reasonably prudent person on inquiry as to such forgery?

The question is answered by our Supreme Court in the case of Glasscock v. First National Bank of San Angelo, 114 Tex. 207, 266 S.W. 393, 36 A.L.R. 320. In a fact situation not different in any material fact from the case before us, that court held the loss must fall on the drawee. The principle on which the conclusion is based is that the negligence of the drawer of a completed check cannot be the proximate cause of the loss because one cannot foresee or anticipate the commission of a crime by another. See also First State Bank of Lyford v. Parker, Tex.Civ.App., 27 S.W.2d 279, error dism., and Article 5939, Sections 124 and 125, Vernon's Ann.Tex.St.

The judgment of the trial court is affirmed.