**FARMERS STATE BANK OF HART, Texas, Appellant,**

v.

**Nora RAY, Appellee.**

No. 8849.

Court of Civil Appeals of Texas, Amarillo.

April 10, 1978.

Rehearing Denied May 8, 1978.

Gibson, Ochsner, Adkins (A. B. Hankins and Ira L. Edwards, Jr.), Amarillo, for appellant.

Moran & Miller (Russel A. Moran), Dimmitt, for appellee.

ROBINSON, Chief Justice.

Plaintiff-appellee Nora Ray sued Farmers State Bank to recover $1850 which she claims was wrongfully paid out of her checking account upon an altered check bearing her signature. Trial was held without a jury; the court entered judgment for Mrs. Ray based in part on a finding that her failure to properly execute the check did not amount to negligence substantially contributing to the material alteration of the instrument. Reversed and rendered.

On or about May 7, 1975, Robert Freeman came to the home of Mrs. Ray, an elderly woman living alone. Freeman gained entrance to her home by posing as an electric utility company serviceman. After examining several wall outlets, Freeman told Mrs. Ray that he would return after lunch to continue working on her electric service. He told her that he needed a check for $1.50 to cover the service charge, and would help her write the check. Freeman wrote the numbers "1.50" well to the right on the line provided, leaving considerable space between the dollar sign and the numbers. Mrs. Ray testified that she signed the check because it was written in ink and could not be changed, and also she wanted to get Freeman out of the house.

When Freeman left Mrs. Ray's home, he filled out the rest of the check. He inserted the date and his name as payee, added the numbers "185" between the dollar sign and the numbers "1.50", and wrote in the words "Eighteen Hundred Fifty-One and $^{50}/_{100}$" in the appropriate space. Freeman presented the check at Farmers State Bank within the hour, showed the teller two pieces of photo-identification, and cashed the check. Mrs. Ray testified that a couple of hours after Freeman left she became suspicious because she never had to pay a public utility serviceman before. She attempted to stop payment on the check, but before she contacted the bank, the check had been cashed.

Plaintiff relies on the case of *Lockwood National Bank v. Jennings*, 381 S.W.2d 682 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.), which placed the loss on the bank in a similar situation. The rationale of that case was that the drawer of a check cannot foresee the commission of a crime by another. The bank argues that the enactment of the Uniform Commercial Code changed the law, and that plaintiff Ray should bear the loss because her negligence substantially contributed to the alteration of the instrument.

The trial court entered judgment for plaintiff based on the following conclusions of law:

1. The alteration of the check constituted forgery, and drawer cannot foresee or anticipate commission of crime by another, as held in *Lockwood National Bank v. T. W. Jennings*, 381 S.W.2d 682, and cases cited.

2. The conditions and circumstances under which the Plaintiff, Nora Ray, signed and delivered the check did not amount to negligence substantially contributing to the material alteration of the instrument, as required by Section 3.406 of the Uniform Commercial Code to constitute a defense.

Defendant bank challenges, *inter alia*, the trial court's reliance on *Lockwood National Bank v. Jennings* and the legal and factual sufficiency of the evidence to support the trial court's conclusion that Mrs. Ray's negligence did not substantially contribute to the material alteration of the check.

Texas Business & Commerce Code § 3.406 (Tex. UCC 1968) provides:

§ 3.406. Negligence Contributing to Alteration or Unauthorized Signature

Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business.

The official U.C.C. Comments to § 3–406 provide further explanation:

1. This section is new. It adopts the doctrine of *Young v. Grote*, 4 Bing. 253 (1827), which held that a drawer who so negligently draws an instrument as to facilitate its material alteration is liable to a drawee who pays the altered instrument in good faith. It should be noted that the rule as stated in the section requires that the negligence "substantially" contribute to the alteration.

2. The section extends the above principle to the protection of a holder in due course and of payors who may not techni-

cally be drawees. . . . By drawing the instrument and "setting it afloat upon a sea of strangers" the maker or drawer voluntarily enters into a relation with later holders which justifies his responsibility. In this respect an instrument so negligently drawn as to facilitate alteration does not differ in principle from an instrument containing blanks which may be filled.

\* \* \* \* \* \*

3. No attempt is made to define negligence which will contribute to an alteration. The question is left to the court or the jury upon the circumstances of the particular cases. Negligence usually has been found where spaces are left in the body of the instrument in which words or figures may be inserted.

U.C.C. § 3–406 changed the rule of *Lockwood National Bank, i. e.,* that the negligence of the drawer cannot be the proximate cause of the loss because one cannot foresee the commission of a crime by another. The Code adopted a "substantially contributes" test of negligence, which is less stringent than a proximate cause standard. This test includes negligent conduct on the part of the drawer which previously had been viewed as too remote in the chain of causation to preclude recovery by the drawer. *Dominion Construction, Inc. v. First National Bank of Maryland,* 315 A.2d 69 (Md.App.1974); *Bagby v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 491 F.2d 192 (8th Cir. 1974). The rationale underlying U.C.C. § 3–406 is that between two innocent parties, the ultimate loss should fall upon the person who first dealt directly with the wrongdoer and was careless in so dealing, thereby providing the wrongdoer with the means of carrying out the offense. *Fidelity and Casualty Company of New York v. Constitution National Bank,* 356 A.2d 117, 123 (Conn.1975). The trial court erred in basing judgment in part upon *Lockwood National Bank v. Jennings.*

The relevant evidence is undisputed. The copy of the check which was introduced in evidence and is before us on appeal shows that when plaintiff signed the check there

were spaces left in the body of the instrument, which by their nature facilitated alteration. We conclude that the evidence establishes as a matter of law that plaintiff was negligent in signing the check. The trial court found that the bank acted in good faith and in accordance with reasonable commercial standards in paying the check. Thus under the provisions of U.C.C. § 3–406 plaintiff is estopped from asserting a claim against the bank.

We do not reach appellant-defendant's remaining points of error. The judgment of the trial court is reversed and judgment here rendered that appellee take nothing by her action.