March 15, 2010

Mr. Victor T. Vandergriff, Chair
Texas Department of Motor Vehicles
4000 Jackson Avenue, Building I
Austin, Texas 78731

Opinion No. GA-0761

Re: Authority of a magistrate to award ownership or title of a motor vehicle under chapter 47, Code of Criminal Procedure, or other law (RQ-0811-GA)

Dear Mr. Vandergriff:

You have requested that we answer questions submitted by Amadeo Saenz, Jr., Executive Director, Texas Department of Transportation (the "TxDOT").[1] On November 1, 2009, the division with authority over motor vehicle title matters was transferred from the TxDOT to the newly created Texas Department of Motor Vehicles (the "TxDMV") and thus, the subject matter of this request concerns the TxDMV rather than the TxDOT.

Mr. Saenz asked about the authority of a justice of the peace or a municipal judge under Code of Criminal Procedure, chapter 47, as well as the authority of a justice of the peace under Government Code section 27.031 to award title or ownership of a motor vehicle.[2] Mr. Saenz also asked whether the TxDOT[3] may issue a new certificate of title for a motor vehicle upon receipt of a court order from a justice or municipal court. Request Letter at 2. We understand these questions arise because of section 501.074(a)(4) of the Certificate of Title Act[4] which provides as follows:

> The [D]epartment shall issue a new certificate of title for a motor vehicle registered in this state for which the ownership is transferred by operation of law, including by inheritance, devise or bequest, bankruptcy, receivership, judicial sale, or other involuntary divestiture of ownership after receiving . . . *a court order* . . . .

---

[1]*See* Letter from Jennifer Soldano, Legal Counsel, Tex. Dep't of Motor Vehicles, at 1 (on file with the Opinion Committee).

[2]*See* Letter from Amadeo Saenz, Jr., Executive Director, Tex. Dep't of Transp., at 1 (July 10, 2009) (*available at* http://www.texasattorneygeneral.gov) ("Request Letter").

[3]We understand his question is now relevant to the TxDMV.

[4]Telephone conference with Jennifer Soldano, Tex. Dep't of Transp. (Sept. 14, 2009).

TEX. TRANSP. CODE ANN. § 501.074(a)(4) (Vernon 2007) (emphasis added); *id.* §§ 501.001(3) (Vernon Supp. 2009) (setting out short title), 501.002 (defining "Department" for purposes of chapter 501 to mean the TxDMV).

Chapter 47 of the Code of Criminal Procedure governs the disposition of allegedly stolen property. TEX. CODE CRIM. PROC. ANN. arts. 47.01–.12 (Vernon 2006 & Supp. 2009). Mr. Saenz specifically raised articles 47.01a(a) and 47.02, and thus it is these provisions upon which we focus. *See* Request Letter at 1–2. Article 47.01a(a) relates to the restoration of property when *no criminal action is pending*; it provides that

> [i]f a criminal action relating to allegedly stolen property is not pending, a . . . justice of the peace having jurisdiction as a magistrate[5] in the county in which the property is held or a municipal judge having jurisdiction as a magistrate in the municipality in which the property is being held may hold a hearing to determine the right to possession of the property, upon the petition of an interested person, a county, a city, or the state. . . . The court shall:
>
> (1) order the property delivered to whoever has the superior right to possession, without conditions; or
>
> (2) on the filing of a written motion before trial by an attorney representing the state, order the property delivered to whoever has the superior right to possession, subject to the condition that the property be made available to the prosecuting authority should it be needed in future prosecutions; or
>
> (3) order the property awarded to the custody of the peace officer, pending resolution of criminal investigations regarding the property.

TEX. CODE CRIM. PROC. ANN. art. 47.01a(a) (Vernon 2006) (footnote added).

Article 47.02 relates to the restoration of property when *a criminal action is pending. See id.* art. 47.02(b) (Vernon Supp. 2009). The Eighty-first Legislature amended article 47.02. *See* Act of May 26, 2009, 81st Leg., R.S., ch. 613, § 2, 2009 Tex. Gen. Laws 1397, 1397 (codified as an amendment to TEX. CODE CRIM. PROC. ANN. art. 47.02 (Vernon Supp. 2009)). Article 47.02(b) now provides that

> [o]n written consent of the prosecuting attorney, any magistrate having jurisdiction in the county in which a criminal action for theft or any other offense involving the illegal acquisition of property is

---

[5]*See* Tex. Att'y Gen. Op. No. GA-0426 (2006) at 1–5 (containing a general discussion of the officers that serve as magistrates and the powers and duties of magistrates).

> pending may hold a hearing to determine the right to possession of the property. If it is proved to the satisfaction of the magistrate that any person is a true owner of the property alleged to have been stolen, and the property is under the control of a peace officer, the magistrate may, by written order, direct the property to be restored to that person.

TEX. CODE CRIM. PROC. ANN. art. 47.02(b) (Vernon Supp. 2009).

We begin our analysis by considering whether article 47.01a(a) authorizes a justice of the peace or a municipal judge to award title or ownership of a motor vehicle. Intermediate appellate courts have offered differing interpretations of the jurisdiction of a court under article 47.01a(a). The Eastland Court of Appeals has stated that "[a]rticle 47.01a(a) gives the justice court a limited jurisdiction to determine the right to possession of the property only. . . . The justice court [has] no jurisdiction to determine ownership of the [vehicle]." *Perry v. Breland*, 16 S.W.3d 182, 189 (Tex. App.—Eastland 2000, pet. denied); *see also Universal Underwriters Group v. State*, 283 S.W.3d 897, 900 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("[U]nder article 47.01a, the trial court determines 'superior right to possession,' rather than ownership.").

In contrast, the Dallas Court of Appeals, in an unpublished opinion,[6] held that a municipal court had jurisdiction to determine ownership as well as the right to possession of a vehicle under article 47.01a. *Allstate Ins. Co. v. Troy's Foreign Auto Parts*, No. 05-00-01239-CV, 2001 WL 840613, at *3 (Tex. App.—Dallas July 26, 2001, pet. denied) (not designated for publication) (citing *Am. Fire & Indem. Co. v. Jones*, 828 S.W.2d 767, 769 (Tex. App.—Texarkana 1992, writ denied)); *cf. York v. State*, 298 S.W.3d 735, 751 & n.13 (Tex. App.—Fort Worth 2009, pet. filed) (stating that article 47.01a ensures that "vehicles are returned to their rightful owners if those owners can be ascertained" and that article 47.01a "does not require that ownership be conclusively proved to return property, only that the interested party show a 'superior right to possession'"). The court reached this conclusion by reading article 47.01a(a) in conjunction with article 47.04.[7] *Allstate*, 2001 WL 840613, at *3 ("Article 47.04 provides the court with the power to direct the property be restored to the owner."); *cf. York*, 298 S.W.3d at 751 (citing article 47.04 as support for the statement that a 47.01a proceeding works to ensure that "vehicles are returned to their rightful owners if those owners can be ascertained").

---

[6]"Opinions and memorandum opinions designated 'do not publish' under these rules by the court of appeals prior to January 1, 2003 have no precedential value but may be cited with the notation, '(not designated for publication).'" TEX. R. APP. P. 47.7(b).

[7]Article 47.04 provides that "[u]pon an examining trial, if it is proven to the satisfaction of the court that any person is the *true owner* of property alleged to have been stolen, and which is in possession of a peace officer, the court may upon motion by the state, *by written order direct the property to be restored to such owner* . . . ." TEX. CODE CRIM. PROC. ANN. art. 47.04 (Vernon 2006) (emphasis added). The term "examining trial" is not defined in chapter 47. However, case law discussing a predecessor statute to article 47.01a indicates that a magistrate conducts an examining trial under 47.01a. *See Murray v. Lyons*, 95 S.W. 621, 621–22 (Tex. Civ. App.—San Antonio 1906, no writ) ("[I]t became the duty of the officer, after taking charge of the property, to hold it subject to the order of the magistrate at the examining trial, or of the court trying the accused on the charge of the theft."); *see also* TEX. CODE CRIM. PROC. ANN. art. 2.11 (Vernon 2005) ("When the magistrate sits for the purpose of inquiring into a criminal accusation against any person, this is called an examining court.").

Because of the contrary statements of the intermediate appellate courts regarding a court's jurisdiction under article 47.01a(a), we cannot predict with any certainty whether a court would conclude that article 47.01a(a) authorizes a justice of the peace or a municipal judge to award title or ownership of a motor vehicle.

We next consider whether article 47.02 authorizes a justice of the peace or a municipal judge to award title or ownership of a motor vehicle. The language of articles 47.01a(a) and 47.02(b) are similar in some respects and different in others. *Compare* TEX. CODE CRIM. PROC. ANN. art. 47.01a(a) (Vernon 2006), *with id.* art. 47.02(b) (Vernon Supp. 2009). We examine those similarities and differences more closely.

Article 47.02(b), as recently amended, authorizes "a hearing to determine the right to possession of the property." *See* Act of May 26, 2009, 81st Leg., R.S., ch. 613, § 2, 2009 Tex. Gen. Laws 1397, 1397 (codified as an amendment to TEX. CODE CRIM. PROC. ANN. art. 47.02 (Vernon Supp. 2009)). As discussed above, some courts have interpreted this same language, when used in article 47.01a(a), as limiting the jurisdiction of a court operating under article 47.01a(a) to the determination of the right to possession and not ownership. *See Perry*, 16 S.W.3d at 189. Thus, a court might conclude from the addition of this language into article 47.02(b) that a judge has similarly limited authority to determine a right to possession and not title or ownership under article 47.02(b).

However, in addition to authorizing a hearing to determine a right to possession to property, article 47.02(b) provides that if, at the hearing, "it is proved to the satisfaction of the magistrate that any person is a *true owner of the property* alleged to have been stolen, . . . *the magistrate may, by written order, direct the property to be restored to that person.*" TEX. CODE CRIM. PROC. ANN. art. 47.02(b) (Vernon Supp. 2009) (emphasis added).[8] This stands in contrast to article 47.01a(a), which only authorizes the court to order the property delivered to a person who has a superior right to possession. *Id.* art. 47.01a(a)(1)–(2) (Vernon 2006).

Article 47.02's language (1) that the person who is the "true owner" of the property may be proven and (2) that the magistrate may direct property be restored to the true owner could be construed by a court as authorization to determine title or ownership. Even if the "true owner" language is not in itself sufficient, a court could use the reasoning employed by the court in some article 47.01a(a) decisions. *See Allstate*, 2001 WL 840613, at *3. As discussed above, courts have read article 47.01a(a) in conjunction with article 47.04 to conclude that a judge in a 47.01a(a) proceeding has authority to determine title or ownership. *See* discussion *supra* pages 3–4. A court could similarly read article 47.02(b) in conjunction with article 47.04 to find a judge in a 47.02(b) proceeding has authority to determine title or ownership.

---

[8]In this way, the magistrate under article 47.02(b) has the same authority to issue an order restoring the property to the owner as does the judge of the court under article 47.02(a) who is trying a criminal action for theft. *Compare* TEX. CODE CRIM. PROC. ANN. art. 47.02(a) (Vernon Supp. 2009), *with id.* art. 47.02(b).

While the "true owner" language in article 47.02(b), whether read in conjunction with article 47.04 or read alone, could support the conclusion that a justice of the peace or a municipal judge has authority to award title or ownership of a motor vehicle, we cannot conclusively state that a justice of the peace or a municipal court judge has such authority. In sum, while there would be some basis for concluding that article 47.02(b) authorizes a justice of the peace or a municipal judge to award title or ownership of a motor vehicle, we cannot with confidence advise whether a court would reach such a conclusion.

We next consider Mr. Saenz's inquiry as to the authority of a justice of the peace to award title or ownership of a motor vehicle through the enforcement of a lien under Government Code section 27.031.[9] Request Letter at 1. Section 27.031 provides, in relevant part, that "[i]n addition to the jurisdiction and powers provided by the constitution and other law, the justice court has original jurisdiction of . . . foreclosure of mortgages and enforcement of liens on personal property in cases in which the amount in controversy is otherwise within the justice court's jurisdiction." TEX. GOV'T CODE ANN. § 27.031(a)(3) (Vernon Supp. 2009). Mr. Saenz requested that we assume, in answering this question, that the amount in controversy is within the court's jurisdiction. *See* Request Letter at 2 ("Assuming the vehicle at issue is not valued at more than $10,000, may a justice of the peace award possession and title of the vehicle?").[10]

A lienholder can enforce his or her lien by a judicial procedure to foreclose the lien. A Texas court has explained that the term "foreclosure"

> means a proceeding in court, or out of court, when provided for by a valid contract, to subject the property (or part thereof) covered by a lien to the payment of the debt secured by the lien. It has the effect of extinguishing all right, title or interest, if any, of the defendants in the property.

*Sw. Peanut Growers Ass'n v. Womack*, 179 S.W.2d 371, 373 (Tex. Civ. App.—Eastland 1944, no writ); *see also Thomas v. Price*, 718 F. Supp. 598, 607 n.67 (S.D. Tex. 1989) ("Foreclosure is a process by which a pledgor of personal property is deprived of his interest therein.").

---

[9]We assume, for purposes of this opinion, that the personal property at issue is not exempt from creditors' claims under chapter 42 of the Property Code. *See* TEX. PROP. CODE ANN. § 42.002(a)(3), (4), (9) (Vernon 2000) (providing that certain vehicles constitute exempt personal property); *see also id* § 42.002(b) (providing that certain security interests and liens fixed by law on personal property may not be avoided on the ground that the property is exempt under chapter 42).

[10]Article V, section 19 of the Texas Constitution provides a justice of the peace court "exclusive jurisdiction" in a civil matter "where the amount in controversy is two hundred dollars or less," as well as "such other jurisdiction" as the Legislature may provide. TEX. CONST. art. V, § 19. Government Code section 27.031(a)(1) expands the justice court's original jurisdiction in civil matters to cases in which neither the district nor the county court has jurisdiction and "the amount in controversy is no more than $10,000, exclusive of interest." TEX. GOV'T CODE ANN. § 27.031(a)(1) (Vernon Supp. 2009). This jurisdiction is cumulative of jurisdiction provided by other law. *Id.* § 27.031(a).

While the term foreclosure often contemplates a foreclosure sale of the collateral, that would not be the case when the contract under which the parties are operating provides otherwise. *See CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 247 (Tex. 2002) (explaining that a mechanic's lien is foreclosed "'on judgment of a court of competent jurisdiction foreclosing the lien and ordering the sale of the property subject to the lien'" whereas "mortgages and other contract liens, . . . may be enforced in any manner provided by the contract"); *Ley v. Houston*, 665 S.W.2d 178, 180 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.) ("We recognize that the term 'foreclosure' generally contemplates a foreclosure sale of the collateral. However, that does not mean that an actual foreclosure sale must be held in every circumstance, and we must determine the rights of the parties according to the terms of their particular contract."). Moreover, there are foreclosure proceedings that give the mortgagee title to the mortgaged property without first conducting a sale. *See, e.g.*, TEX. BUS. & COM. CODE ANN. §§ 9.620, cmt. 2 (Vernon 2002) (providing for strict foreclosure, a procedure by which a secured party acquires the debtor's interest in the collateral without the need for a sale), 9.622 (explaining effect of acceptance of collateral). Thus, depending upon the foreclosure proceeding at issue, we conclude that a justice court could award title or ownership of a motor vehicle in enforcing a lien.

Assuming that a justice court or municipal court can award title or ownership of a motor vehicle, Mr. Saenz asked "whether the [D]epartment may accept the court order from a justice of the peace [or] the municipal court" as the basis for issuing a new certificate of title. Request Letter at 2. We return to the language of section 501.074(a)(4) of the Certificate of Title Act:

> The [D]epartment shall issue a new certificate of title for a motor vehicle registered in this state for which the ownership is transferred by operation of law, including by inheritance, devise or bequest, bankruptcy, receivership, judicial sale, or other involuntary divestiture of ownership after receiving . . . a court order . . . .

TEX. TRANSP. CODE ANN. § 501.074(a)(4) (Vernon 2007). Nothing in the express language of section 501.074(a)(4) excepts a court order from a justice or municipal court from serving as the basis for issuance of a new certificate of title by the TxDMV under section 501.074(a)(4). *See id.*; *see also Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008) (explaining that a court looks first to a statute's language because it is assumed "'that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent'") (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999)). Thus, we conclude that the TxDMV may, under section 501.074(a)(4), accept a court order from a justice or municipal court in carrying out its duty to issue a new certificate of title for a motor vehicle, the ownership of which has been transferred by operation of law.

## S U M M A R Y

Because of the differing statements intermediate appellate courts have made regarding a court's jurisdiction under article 47.01a(a), we cannot predict with any certainty whether a court would conclude Code of Criminal Procedure articles 47.01a(a) and 47.02(b) authorize a justice of the peace or a municipal judge to award title or ownership of a motor vehicle. However, depending upon the foreclosure proceeding at issue, we conclude that a justice court could award title or ownership of a motor vehicle in enforcing a lien under Government Code section 27.031.

The Texas Department of Motor Vehicles may, under section 501.074(a)(4) of the Transportation Code, accept a court order from a justice or municipal court in carrying out its duty to issue a new certificate of title for a motor vehicle, the ownership of which has been transferred by operation of law.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee