NATIONAL AUTO. & CAS. INS. CO.

v.

ALFORD.

No. 3071.

Court of Civil Appeals of Texas.

Eastland.

Feb. 12, 1954.

Rehearing Denied March 12, 1954.

M. E. Clough, Dallas, for appellants.

Joe B. Dibrell, Jr., Coleman, for appellee.

COLLINGS, Justice.

Sam W. Alford brought this suit against National Automobile and Casualty Insurance Company to recover on an insurance policy for the total loss of a 1950 model Ford sedan. Trial was before the court without a jury and judgment was rendered against the insurance company for the sum of $1,050 with interest and costs. From such judgment this appeal is brought.

Appellee, Sam W. Alford, alleged that on January 29, 1953, he was the owner of a 1948 model Chevrolet sedan subject to a lien held by C. J. Gordon in the sum of $564.30; that on said date appellant insurance company, by and through its agent and representative, J. E. McDaniel, issued and delivered to appellee a policy of insurance on said Chevrolet sedan which provided for comprehensive and $50 deductible collision or up-set coverage; that said policy also provided automatic insurance on "an automobile ownership of which is acquired by the named Insured who is the owner of the described automobile, if the named Insured notifies the company within thirty days following the date of its delivery to him, and if * * * it replaces an automobile described in this policy * * *."

Appellee alleged that on March 23, 1953 he entered into a contract with Lewis

H. Jobe, doing business as Jobe Buick Company, in which he sold and conveyed his Chevrolet sedan to Jobe as a part of the purchase price and consideration for a 1950 model Ford sedan which Jobe, as a part of said contract, sold to him for a total consideration of $1,350; that under the contract, Jobe agreed to, and did, assume payment of the $470 balance due on the Chevrolet sedan; that on said date Jobe delivered possession of the Ford sedan to appellee and appellee signed an application for Certificate of Title thereto, and that at all times thereafter, appellee was and has been the owner of such Ford sedan as a replacement of the Chevrolet sedan and his ownership of the Ford sedan was subject only to a lien in favor of Jobe Buick Company in the sum of $1,071.-36.

Appellee further alleged that under the terms of the insurance policy issued to him by appellant company, the Ford sedan upon his purchase of same, became the automobile covered by said policy; that on or about four days after he acquired title and possession of the Ford sedan and while he was operating same on a farm-to-market road in Coleman County, the car left the road and up-set causing severe damage thereto; that the cash value of the Ford sedan before the up-set was $1,250 and its cash value immediately after the up-set was $150; that immediately, or within a reasonable time after the accident, appellee notified J. E. McDaniel, appellant company's agent and representative, but that said company failed and refused to pay appellee's loss and denied coverage; that appellee had no other insurance covering the Ford sedan.

Appellant insurance company contends that the court erred in rendering judgment for appellee Alford and in holding that he was the owner of the Ford sedan at the time of the up-set and in holding that appellee had an insurable interest in the destroyed vehicle.

The evidence in this case, viewed in its most favorable light in support of the judgment, justifies the conclusion that Jobe and Alford made a trade on March 23, 1953, by which Alford sold his 1948 model Chevrolet to Jobe and Jobe sold the 1950 model Ford sedan to Alford. Jobe assumed the indebtedness on the Chevrolet sedan and thereafter paid same to the lien holder and Alford on that date executed a chattel mortgage note for $1,107.36 to Jobe Buick Company covering the balance of the purchase price, including carrying charges on the Ford sedan. Jobe testified, in effect, that at the time Alford signed the Certificate of Title which was complete except that it did not show who would be the lien holder, that he intended to sell the note if he could but that if he could not, he would have to keep it himself; that the trade was not dependent upon whether or not he could get the note financed. The Certificate of Title was introduced in evidence and there appeared on its face the signature of appellee, Sam W. Alford. The Certificate showed to be dated March 23, 1953; possession of the cars was exchanged and delivered on that date. On the same date, Jobe and appellee Alford made affidavits to the tax collector of Coleman County in connection with the sales tax thereon that Jobe Buick Company had sold and that Alford had purchased the Ford sedan in question.

The evidence as above outlined indicates that on March 23, 1953, Alford acquired possession of and equitable title to the Ford sedan with the legal right to compel Jobe to assign and transfer to him a proper Certificate of Title thereto. Hicksbaugh Lumber Company v. Fidelity & Casualty Company of New York, Tex.Civ. App., 177 S.W.2d 802; Fulcher v. Hall, Tex.Civ.App., 170 S.W.2d 321. We overrule the contention that Alford did not have an insurable interest in the destroyed vehicle.

Appellant alleges several matters as a basis for the contention that Alford did not own the Ford sedan at the time of the up-set and resultant damage thereto. It is first urged that Jobe was not the registered owner of the car and, therefore, could not legally transfer the legal title to Al-

ford; that by the provisions of Article 1436–1, Sections 33 and 35, Vernon's Annotated Texas Penal Code, no subsequent sale of a motor vehicle can be made without transfer of the Certificate of Title by one designated in the Certificate as owner and that all sales made in violation of the Act are void and pass no title. We overrule this contention. Jobe testified that at the time he was making the deal with Alford he was the owner of the 1950 model Ford sedan; that he had all of the title papers to the Ford, including the Certificate of Title; that he received them from the previous owner. Jobe was an automobile dealer with a dealer's license. The case of Texas Automotive Dealers Ass'n, Inc., v. Harris County Tax Assessor-Collector, 149 Tex. 122, 229 S.W.2d 787, holds that proper evidence of title for a dealer with dealer's license may be a Certificate of Title or license not in his name except by endorsement. Jobe, as dealer with a dealer's license, was by the terms of Article 1436–1, § 27 of the Penal Code, excepted from the requirement of making an application for a Certificate of Title before selling or disposing of such a motor vehicle.

Appellant further contends that appellee Alford did not acquire title to the Ford sedan because Jobe, in truth and in fact, did not transfer the Certificate of Title to such car at the time he gave possession to Alford, or at any time before the up-set and damage thereto, but that he first attempted to make such transfer long after the time of the up-set. The evidence does show that the the application for title and transfer of registration was not made until May 26, 1953.

■ Section 1 of the Certificate of Title Act declares the purpose of the Act to be to lessen and prevent theft, the importation and traffic in stolen motor vehicles, and to enforce a disclosure of all liens or encumbrances. No claim of title adverse to Alford is here urged or shown. The basis of appellee's action against appellant company does not come within the purview of the expressed purpose of the Act. It is our opinion that the term "ownership" as used in the policy refers to the true owner of the car rather than to the holder of the Certificate of Title under the terms of the Act.

■ The evidence supports the conclusion that on March 23, 1953, appellee Alford acquired equitable title to the Ford sedan and thereby became the owner thereof within the meaning of the terms of the insurance policy sued upon and the court did not err in so holding. Pioneer Mut. Compensation Co. v. Diaz, Tex.Civ. App., 178 S.W.2d 121, affirmed 142 Tex. 184, 177 S.W.2d 202; Empire Gas & Fuel Co. v. Muegge, Com., 135 Tex. 520, 143 S.W.2d 763; Knops v. Ordorica, Tex. Civ.App., 242 S.W.2d 454.

The judgment of the trial court is affirmed.