**Thomas N. PRIDE et al., Appellants,**

**v.**

**STATE FARM FIRE & CASUALTY INSURANCE COMPANY, Appellee.**

**No. 7867.**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 30, 1968.

Rehearing Denied Nov. 4, 1968.

Miller, Sanders, Baker & Miller, Amarillo, Robert R. Sanders, Amarillo, of counsel, for appellants.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, H. C. Pipkin, Amarillo, of counsel, for appellee.

DENTON, Chief Justice.

This case concerns the construction to be given the "Newly Acquired Automobile" provision in a policy of liability and collision insurance.

Harry R. Husch, while driving a 1965 Rambler, was involved in a collision on May 18, 1966 with an automobile occupied by Thomas N. Pride, Christine Dixon, Wesley C. Joseph and wife Lucille Joseph, and Willie Finnell and wife Idella Finnell, who thereafter brought suit against Husch. State Farm Fire & Casualty Insurance Company, Husch's insurer, denied liability and refused to defend the suit filed against Husch. The plaintiffs recovered judgments totalling $5,175.00 against Husch. Executions on these judgments were returned "nulla bona" and plaintiffs below brought this action against State Farm, the insurer, under the insurance contract with Husch. From an instructed verdict against the plaintiffs below, this appeal was taken.

Prior to April 16, 1966 Husch owned a 1960 Plymouth automobile. On this date he was the named insured under a policy of liability and collision insurance issued by State Farm with the Plymouth named in the policy. On this same date, Husch took the Plymouth to his brother's house for the stated reason he was "selling it to my brother and sister-in-law". Husch's brother was in Vietnam at that time and his sister-in-law gave him $100.00 "to hold the car until my brother returned from Vietnam". Again on April 16, Husch entered into a "Pennsylvania Motor Vehicle Installment Sale Contract" for the 1965 Rambler with a dealer in Pittsburgh, Pennsylvania. A down payment of $100.00 was made at that time. The parents of Husch's wife signed the sale contract as co-signers or "co-buyers" according to the designation of the contract. The co-signers' credit was subsequently disapproved by the bank, and Husch was required to return the automobile or obtain other co-signers with approved credit. He entered into an identical sales contract on April 21 with two other co-signers whose credit was later apparently approved. An additional· $100.00 was paid at the time the second contract was entered into. It is undisputed Husch had actual posssession of the Rambler from April 16 until he was involved in the collision in question on May 18.

The primary question to be determined is whether the 1965 Rambler was, at the time of the collision on May 18, 1966, insured under the "Newly Acquired Automobile" provision of the insurance policy issued to him by State Farm. This provision reads:

" 'Definitions—Part I Newly Acquired Automobile—means an automobile, ownership of which is acquired by the named insured or his spouse if a resident of the same household if (1) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named insured and such spouse on the date of its delivery, and (2) the named insured or such spouse notifies the company within 30 days following such delivery date of hi election to make this and no other policy issued by the company applicable to such automobile. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile.' "

Appellants contend Husch "sold" his 1960 Plymouth on April 16, 1966; that the April 16 acquisition of the Rambler was not effective as a replacement due to the absence of approved credit of the co-signers of that sales contract; and that Husch in fact did not legally acquire or purchase the Rambler until April 21, less than thirty days prior to the collision. Although it is conceded Husch did not notify State Farm of the newly acquired Rambler until after the collision, appellants' position is that the notice given on May 18 was sufficient to meet the notice requirements of the "Newly Acquired Automobile" provision. On the other hand, the appellee contends the requirements of the provision were not met for the reason the Rambler was delivered to Husch on April 16, 1966; that such delivery was made to him as a purchaser and that, thereafter he retained possession and control of the Rambler from the seller and by the terms of the policy its liability under the automatic extension provision expired on May 16, 1966.

Under the clear language of the policy clause in question, three requirements must be met before an automobile may be considered a "Newly Acquired Automobile" under the policy: (1) Ownership must be acquired by the insured named in the existing policy, (2) It must replace an automobile owned by the insured or the insurance company must insure all automobiles .owned by the insured, (3) The insurance company must be notified within thirty days following such delivery date. It has been held this type of "Newly Acquired Automobile" provision of a liability insurance policy automatically attaches on acquisition of a new vehicle, subject only to be defeated by the failure to give notice within the prescribed thirty

days. The intervention of an accident after acquisition but before reporting within the prescribed thirty-day period does not invalidate the insurance. General Insurance Company of America v. Western Fire & Casualty Company (Fifth Circuit) 241 F.2d 289. See 34 A.L.R.2d 944.

■ In our opinion, the requirements of the "Newly Acquired Automobile" clause were not satisfied. Husch acquired ownership of the Rambler on April 16 when he executed the first sales contract and made the down payment. He then acquired possession of and equitable title to the Rambler. National Automobile & Casualty Insurance Company v. Alford (Tex.Civ.App.) 265 S.W.2d 862. According to Husch's own testimony, the Rambler was delivered to him on that same date, April 16. The fact his first co-signers were later disapproved does not alter this fact. Both the sale and delivery were made simultaneously. The second co-signers were approved sometime after the execution of the second sales contract. It is not shown when approval was given. This is immaterial as the record supports the conclusion Husch acquired equitable title to the Rambler and therefore had an insurable interest in the automobile on April 16.

■ The notice requirement is a condition subsequent which must be complied with in order to keep the insurance coverage in effect beyond the thirty-day period. Williams v. Standard Accident Insurance Company, 158 Cal.App.2d 506, 322 P.2d 1026. By the clear language of the policy, this thirty-day period begins to run from the "delivery date". Husch did not comply with this requirement. For the reasons stated, the Rambler was not covered by the policy at the time Husch's liability to the appellants arose. Mitcham v. Travelers Indemnity Company (Fourth Circuit) 127 F.2d 27.

The judgment of the trial court is affirmed.