**AMERICAN EAGLE INSURANCE COMPANY, Appellant,**

**v.**

**Anne W. LEMONS, Administratrix of the Estate of Jerry Wayne Lemons, Deceased, et al., Appellees.**

**No. 07–85–0340–CV.**

Court of Appeals of Texas, Amarillo.

Dec. 19, 1986.

Anderson & Miller, L.W. Anderson, Dallas, for appellant.

Martindale, Martindale & Harris, J.A. Martindale, J.B. Maguire, Jr., Pampa, and Byrd, Davis & Eisenberg, Tom Davis, Austin, for appellees.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant American Eagle Insurance Company appeals from a judgment against it denying its suit for declaratory judgment and ordering appellant to pay to intervenor, Kirksey N. Parker, individually and as administratrix of the estate of Randy Neale Parker, deceased, the sum of $100,000 plus interest, court costs, and attorney's fees. We affirm the judgment.

On February 1, 1982, Jerry Wayne Lemons and Randy Neale Parker died in the crash of a Cessna 182 airplane that Lemons was piloting. The airplane had been purchased that very day by Lemons and Parker. At the time of the crash, Lemons was insured for personal injury and property damage by a policy issued by appellant which covered a 1947 Navion airplane. Appellant subsequently filed a petition seeking a declaratory judgment that it had no obligation to pay any claim filed by the heirs of Randy Neale Parker. After the filing of appellant's petition, the intervenor filed a petition in Gray County claiming damages against appellee for the wrongful death of Randy Neale Parker. That lawsuit was settled by the parties and a $250,000 judgment awarded against appellee. By judgment in the case before us, appellant was ordered to pay $100,000 of the $250,000 judgment previously awarded.

In six points, appellant contends the trial court erred in failing to render a declaratory judgment in favor of appellant because (1) the court failed to declare the rights of the parties as to the matters on which the parties joined issue; (2) the aircraft was not covered under the terms of the "Newly Acquired Aircraft" clause of the policy; (3) bodily injury liability to third parties was not covered under the terms of the "Liability to Others" clause of the insurance policy; (4) the aircraft was not covered under the terms of the "Description of Aircraft" clause of the policy; (5) the aircraft was not covered under the terms of the "Transfer of Interest in Your Policy" clause of the policy; and (6) the insured failed to comply with the terms of the insurance policy in question, and coverage was excluded by the "Our Objections and Your Duties" clause of the policy.

■ Appellant contends in its first ground that the court failed to declare the rights of the parties as it was required to do by the Uniform Declaratory Judgment Act, Tex.Rev.Civ.Stat.Ann. art. 2524–1 (Vernon 1965), now Tex.Civ.Prac. & Rem. Code Ann. § 37.001 et seq. (Vernon 1986). The court in its judgment merely denied appellant's suit for declaratory judgment and ordered appellant to pay to the intervenor, Kirksey N. Parker, $100,000 plus interest and costs as its portion of the judgment entered on June 1, 1982 by the 223rd District Court of Gray County, Texas in Cause No. 23,072, styled Kirksey N. Parker, et al. v. Estate of Jerry Wayne Lemons. No findings of fact or conclusions of law appear in the record.

Since a declaratory judgment would have terminated the uncertainty or controversy giving rise to the suit, the trial court was bound to declare the rights of the parties as to the matters upon which they joined issue. *Calvert v. Employees Retirement System*, 648 S.W.2d 418, 419 (Tex.App.—Austin 1983, writ ref'd n.r.e.). However, even if the trial court errs in failing to declare the rights of the parties, the appellate court may determine the rights of the parties, and, if a reversal is required, may render the judgment that the trial court should have rendered. *Southern National Bank of Houston v. City of Austin*, 582 S.W.2d 229, 237 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.); *Tall Timbers Corporation v. Anderson*, 370 S.W.2d 214, 217 (Tex.Civ.App.—Fort Worth 1963), *rev'd on other grounds*, 378 S.W.2d 16 (Tex.1964). *See also Calvert v. Employees Retirement System*, 648 S.W.2d at 421. Since the parties have filed a stipulation in this proceed-

ing agreeing on certain facts and narrowing the contested legal issues, we will consider appellant's remaining points of error as we proceed in our determination and declaration of the rights of the parties.

Insurance policies are contracts and are therefore governed by the rules of interpretation applicable to contracts, and contracts of insurance, in case of ambiguity, are to be construed in favor of the insured. *United American Ins. Co. v. Selby,* 161 Tex. 162, 338 S.W.2d 160, 164 (1960). All parts of the contract are to be taken and considered together, and a meaning ascribed to them that will carry out and effectuate the true intention of the parties. *Id.* However, if the words used in an insurance policy are plain and unambiguous, it is the court's duty to give effect to the language in accordance with its plain, ordinary meaning, and not create a new contract by arbitrary judicial construction. *Vaughn v. Atlantic Ins. Co.,* 397 S.W.2d 874, 875 (Tex.Civ.App.—Tyler 1965, writ ref'd n.r.e.). Rules of construction apply only when an ambiguity is created by the contract. *General American Indemnity Company v. Pepper,* 161 Tex. 263, 339 S.W.2d 660, 661 (1960).

█ In appellant's second point of error, it contends that the aircraft in question was not covered by the terms of the "Newly Acquired Aircraft" clause of the policy. That clause provides in pertinent part:

> If you notify us during the policy period and within 30 days after you acquire ownership of another aircraft, and pay the additional premium, we will cover it and your use of it if it replaces an aircraft on your Coverage Identification Page, or it is an additional aircraft and we insure all the aircraft you own.

In the stipulation, the parties agreed that within thirty days of the crash, appellant was notified that Jerry Wayne Lemons had acquired an ownership interest in a Cessna 182 aircraft. It was also agreed that appellant insured all the aircraft owned by Jerry Wayne Lemons at the time he acquired an interest in the Cessna. The parties further stipulated that appellant was notified by letter within thirty days of the crash that the crash had occurred, and payment of the necessary premium was tendered at that time.

Nevertheless, appellant contends that the aircraft was not covered by the policy because the "Newly Acquired Aircraft" clause limits coverage "to those aircraft which the named insured, J. Wayne Lemons, acquired by himself." Appellant says that the terms "you" and "your," as used in that clause, are defined in the policy to mean "the person or organization named in Item 1 of the Coverage Identification Page under the heading 'Insured.'" Since J. Wayne Lemons is the only person named in that particular place, appellant contends that only aircraft owned solely by J. Wayne Lemons are covered by that provision of the policy. We disagree.

The facts of this case are not unlike those in *Pride v. State Farm Fire & Casualty Insurance Co.,* 434 S.W.2d 146 (Tex. Civ.App.—Amarillo 1968, no writ) which involved the construction of a "Newly Acquired Automobile" insurance provision. In that case Harry Husch was the insured under an automobile insurance policy covering a 1960 Plymouth. Husch subsequently took the Plymouth to his sister-in-law for the purpose of selling it. On April 16, 1966, the same day, he signed an installment sales contract for a 1965 Rambler. The parents of Husch's wife signed as "co-buyers." However, when the co-signors' credit was disapproved, Husch entered into another contract with two other co-signors. The 1965 Rambler was subsequently involved in a collision on May 18, 1966.

This Court found that under the clear language of the policy, the requirements to be met before the "Newly Acquired Automobile" clause applied were (1) ownership had to be acquired by the insured named in the existing policy; (2) the new car must replace an automobile owned by the insured or the insurance company must insure all automobiles owned by the insured; and (3) the insurance company must be notified within thirty days following the delivery date. *Id.* at 148. We further not-

ed with approval that it has been held that this type of "provision of a liability insurance policy automatically attaches on acquisition of a new vehicle, subject only to be defeated by the failure to give notice within the prescribed thirty days. The intervention of an accident after acquisition but before reporting within the prescribed thirty-day period does not invalidate the insurance." *Id.* at 148–49. The fact that there may have been co-signers on the contract did not change the Court's application of the rule since Husch possessed an insurable interest in the automobile.

We also note that in Black's Law Dictionary 997 (5th ed. 1979) the definition of ownership includes the statement, "the right of one or more persons to possess and use a thing to the exclusion of others." That dictionary also defines "sole and unconditional owner" as:

> [E]xpression commonly used in fire insurance policies, in which the word "sole" means that no one else has any interest in the property as owner, and "unconditional" means that the quality of the estate is not limited or affected by any condition.

*Id.* The policy before us could have required sole and unconditional ownership in the "Newly Acquired Aircraft" clause but it did not. Since the conditions necessary for the provisions of the "Newly Acquired Aircraft" clause to attach, *i.e.,* appellant insured all aircraft Jerry Wayne Lemons owned, appellant was notified within the policy period and within thirty days after the acquisition that such acquisition had occurred, and an additional premium was tendered, the new aircraft was covered by the policy.

Appellant is apparently claiming that the requirements of the "Newly Acquired Aircraft" clause mandate that Randy Parker become an insured under the policy; however, we see nothing in the language of that clause that requires such an occurrence. The clause provides for the addition of an aircraft to the policy not the addition of another insured.

Appellant further contends that such a construction of the policy would render meaningless Part 2, Section 4(e) and Part 3, Section 4(f) of the policy which provide that physical loss or damage to the aircraft or bodily injury or property damage are not covered if the insured leases, sells, or mortgages all or some of his interest in the aircraft unless all the interests of others are stated on the Coverage Identification Page or in an endorsement. We do not find these provisions to be inconsistent with our reading of the "Newly Acquired Aircraft" clause. The "Newly Acquired Aircraft" clause refers specifically to an ownership interest acquired after the policy goes into effect and which is not already covered by the policy. The provisions referred to by appellant apply to aircraft already covered by the policy and named therein in which an interest is thereafter transferred away. The ownership interest of others in the Cessna 182 could not have been listed in the policy or an endorsement until the company was notified of the acquisition of the new aircraft. The notification in this case took place after the crash but within the thirty days provided for in the "Newly Acquired Aircraft" clause. The aircraft was therefore covered by the policy.

Appellant also contends such a construction is inconsistent with Part 5, Section 3 entitled "Other Aircraft" which reads:

3. Other Aircraft

> If you are an individual, or individual and spouse, and the only Named Insured shown in Item 1 of the Coverage Identification Page, and you fly another aircraft, we will provide you with the same coverage for your Liability to Others (PART THREE) and Medical Expense (PART FOUR) you have purchased for the aircraft with the greatest seating capacity shown on your Coverage Identification Page, but we will not cover you if you own part of the other aircraft or if it is flown regularly or frequently by you. We will not pay for any loss of or damage to the other aircraft.

This provision applies to other aircraft not owned by the insured and flown infrequently by him. Aircraft owned wholly or in part by the insured must be listed and meet the requirements set forth in other provisions of the policy in order to be covered under it. No listing of the Cessna had yet occurred because notification of the purchase took place after the crash, which notification, however, was timely made.

Another argument advanced by appellant is that the affidavit of Richard L. Robinson attached to the stipulation shows that the Aviation Office of America, Inc. would not have issued coverage for the Cessna 182 since Randy N. Parker was only a student pilot and would have necessitated additional restrictions on the policy. However, the issue was not whether Randy Parker should have been an insured party under the policy but whether the plane that Jerry Wayne Lemons was piloting was covered by the policy so that Randy Parker could recover for his damages as a passenger in the plane and not as an insured party. Moreover, the endorsement that would have been used to add the aircraft to the policy, a copy of which was attached to the affidavit, does not, as appellant contends, require sole and unconditional ownership. Instead, the language of that endorsement reads: "You have told us that the aircraft below ... (2) is solely and unconditionally owned by you *unless noted differently in Item 1 or endorsements we issue.*" (Emphasis added.) As we have previously discussed, there had been no opportunity to list any additional owners of the aircraft due to the timing of the purchase and the crash. Point of error two is overruled.

Appellant's remaining points of error may be disposed of by reasoning presented under point of error two. Therefore, we will only briefly outline and discuss these arguments.

In appellant's third point of error, appellant claims that bodily injury liability to third parties is not covered under the terms of the "Liability to Others" clause of the policy. Appellant says that if the aircraft was covered under the "Newly Acquired Aircraft" clause, then Randy Parker was an insured since he was a co-owner. Since the policy limits coverage "to others," Randy Parker cannot recover, appellant says, because that would "convert a liability policy into a personal accident policy." This argument is addressed by our earlier discussion that the purpose of the "Newly Acquired Aircraft" clause is to add coverage for an additional aircraft and not an additional insured. The "Liability to Others" clause provides: "We will pay damages you and anyone you permit to fly your aircraft are legally required to pay for bodily injury or property damage caused by an occurrence during the policy period." Nothing in this language denies coverage to Randy Parker.

The "Liability to Others" clause also states that it does not cover any bodily injury liability if the insured leases, sells, or mortgages all or some of his interest unless all interests of others are stated on the Coverage Identification Page. This paragraph is Part 3, Section 4(f) of the policy, the effect of which we have previously discussed. Appellant's third point is overruled.

In appellant's fourth point, it claims the Cessna is not covered in the "Description of the Aircraft" clause of the policy. That clause reads as follows:

DESCRIPTION OF AIRCRAFT: You have told us that each of the aircraft below (1) has an FAA standard airworthiness certificate unless noted differently below; and (2) is solely and unconditionally owned by you unless noted differently in Items 1 and/or 11.

The only aircraft listed is the 1947 Navion and there is no notation of multiple ownership. Appellant says that since the Cessna 182 was not listed on the page and since it was not solely and unconditionally owned, it was not covered by the policy. The policy does not say that the Cessna had to be solely and unconditionally owned, only that other interests had to be listed. We noted before there had been no opportunity to list the Cessna ownership due to the

timing of the purchase and crash. Appellant's fourth point is overruled.

By point of error five, appellant says the aircraft is not covered by the "Transfer of Interest in Your Policy" clause which provides that the insured cannot transfer an interest in the policy without written consent. This argument is apparently based on the theory that since Randy Parker was a co-owner he became an insured under the policy. We have previously discussed why this argument lacks merit. Appellant's fifth point is overruled.

In its sixth point, appellant contends that appellee failed to comply with the terms of the policy, and coverage was therefore excluded by the "Our Obligations and Your Duties" clause of the policy. That clause provides:

> We agree to provide the coverage in your policy if you pay the premium and comply fully with the policy requirements. But if you do not, then we are not obligated to you or others.

Appellant cites in support of this proposition its previous arguments of failure to comply with a requirement of sole and unconditional ownership and a failure to list the interests of others on the Coverage Identification Page. We have previously discussed these arguments and found them to be lacking in merit. Appellant's sixth point is overruled.

In summary, all of appellant's points of error are overruled, and there being no reversible error, the judgment of the trial court is affirmed.