Todd FOUST, Appellant,

v.

**OLD AMERICAN COUNTY MUTUAL FIRE INSURANCE COMPANY,**
Appellee.

No. 2–97–035–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 13, 1998.

Kerwin Stephens, Graham, for Appellant.

Richard Alan Maples, Fort Worth, for Appellee.

Before LIVINGSTON, RICHARDS and BRIGHAM, JJ.

## OPINION

RICHARDS, Justice.

### Introduction

We deny the motion for rehearing filed by Old American County Mutual Insurance Company ("appellee"), grant the motion to clarify judgment filed by Todd Foust ("Foust"), withdraw our opinion and judgment issued on June 25, 1998, and substitute the following in its place. This is an appeal from a summary judgment entered in favor of appellee and against Foust on his suit for breach of contract. Foust sued appellee to recover for hail damage to an automobile he claims was covered by his existing insurance policy. In seven points, Foust argues that the trial court erred in granting summary judgment for appellee on the bases that Foust was not the owner of the subject auto and that Foust failed to give timely notice to appellee that he wished to have the subject auto added to his policy. Foust further argues that the trial court erred in denying his motion for summary judgment because he proved as a matter of law that he notified appellee of his desire to have the subject auto added to his policy within the specified time period. Because we conclude that Foust did own the subject automobile and that he notified appellee within 30 days of becoming the owner, we reverse the summary judgment in favor of appellee and render judgment for Foust.

### Summary of Relevant Facts

On October 14, 1994, Foust purchased a "Texas Personal Auto Policy" from appellee that named Foust as the insured and which covered any additional vehicle acquired by the insured during the policy period, provided that the insured notified appellee of the acquisition within 30 days after the insured became the owner of the vehicle.

The controlling contractual language from the policy is as follows:

A. Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations, and

2. The spouse if a resident of the same household.

. . . .

G.   "Your covered auto" means:

1. Any vehicle shown in the Declarations;

2. I.   Any of the following types of vehicles *on the date you became the owner:*

    a.   a private passenger auto; or

    b.   a pick-up or van with a G.V.W. of 10,000 pounds or less not used for the delivery or transportation of goods, materials or supplies other than samples; unless, (1) the delivery of goods, materials or supplies is not the primary usage of the vehicle, or (2) used for farming or ranching.

    II.   This provision (G.2) applies only if you:

    a.   acquire the vehicle during the policy period; and

    b.   *notify us within 30 days after you become the owner.*

(emphasis added).

On April 4, 1995, Foust mailed a check to Chris Stricklin of Wichita Falls for $11,150 as payment for a 1989 Saab. The check cleared the bank on which it was drawn on April 11. Foust took possession of the Saab on April 15 and received the certificate of title from Stricklin on May 2. On May 5, the Saab was severely damaged in a hailstorm. On May 11, Foust notified appellee of his acquisition of the Saab, of the subsequent hail damage to the Saab, and of his claim for recovery under his insurance policy. On June 14, appellee wrote a letter to Foust indicating its refusal to pay the claim.

Both parties moved for summary judgment. Appellee asserted that the Saab was not covered under Foust's policy because Foust bought the car for his business, Budget Auto, rather than for his personal use and that even if Foust was the owner of the car, he failed to notify appellee within 30 days of his becoming the owner as required by the policy. Conversely, Foust argued that he established as a matter of law that he

timely notified appellee of becoming the owner of the Saab. The trial court denied Foust's motion and granted appellee's motion finding that the subject auto was not a "covered automobile" as defined in the insurance policy because (1) Foust, as the named insured, did not own the auto and (2) Foust failed to notify appellee within 30 days after he became the owner of the auto, as required by the insurance policy.

## Standard of review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990); *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.*, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *See City of Houston*, 589 S.W.2d at 678.

When both parties move for summary judgment and one motion is granted and the other is denied, the reviewing court will determine all questions presented to the

trial court, including the order denying the losing party's motion. *See Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). When the losing party appeals and the appellate court finds reversible error in the summary judgment, the appellate court may reverse the trial court judgment and render the judgment the trial court should have rendered, including rendering judgment for the other party on any meritorious grounds raised in its motion. *See id.*

### Is Foust the Owner of the Auto for Purposes of Coverage Under the Policy?

■ In his first three points, Foust contends the trial court erred in granting summary judgment for appellee on the ownership issue because appellee failed to prove that ground as a matter of law, Foust proved his ownership as a matter of law, or alternatively, a material fact issue exists that precludes summary judgment on that basis. The insurance policy states that appellee will pay for direct and accidental loss to "your covered auto." As shown above, the term "your" refers to the "named insured" and his spouse. The named insured shown in the policy's Declarations is "Todd Foust." Appellee contends that because the certificate of title designates "Budget Auto—Todd Foust" as the buyer of the Saab, Foust purchased the car in the name of his automobile business and not as the named insured under his Texas Personal Auto Policy.

■ Foust counters this argument by referring us to a certified copy of an assumed name certificate, which shows that Foust had done business as "Budget Auto" since December 1, 1991, contending that "Todd Foust" and "Budget Auto" are one and the same. The certificate also names Clint Young and indicates that Foust and Young are partners in Budget Auto. Appellee argues that Foust bought the car as a partner in the partnership Budget Auto, and therefore, the Saab is partnership property rather than Foust's personal property and is not covered by the policy. We do not agree. Property that is acquired by a transfer to a person in their capacity as partner in a partnership, if the name of the partnership is

indicated in the instrument transferring title to the property, is partnership property. Tex.Rev.Civ. Stat. Ann., art. 6132b–2.05 (Vernon Supp.1998). Partnership property is not the property of the partners. Tex.Rev.Civ. Stat. Ann., art. 6132b–2.04 (Vernon Supp. 1998). However, under well-established partnership principles, ownership of property intended to be a partnership asset is not determined by legal title, but rather by the intention of the parties as supported by the evidence. *See Logan v. Logan*, 138 Tex. 40, 156 S.W.2d 507, 512 (Tex.1941); *King v. Evans*, 791 S.W.2d 531, 533 (Tex.App.—San Antonio 1990, writ denied).

The present situation is not unlike that in *American Eagle Ins. Co. v. Lemons*, which involved the construction of a "Newly Acquired Aircraft" insurance clause regarding ownership of a plane. *See id.*, 722 S.W.2d 229 (Tex.App.—Amarillo 1986, no writ). In that case, Jerry Wayne Lemons and Randy Neale Parker died when a Cessna 182 airplane that Lemons was piloting crashed. *See id.* at 230. The airplane had been purchased by Lemons and Parker that same day. *See id.* At the time of the accident, Lemons was insured by an American Eagle policy that covered a 1947 Navion aircraft. *See id.* This policy contained a "Newly Acquired Aircraft" clause, which was timely invoked by the administratrix of Lemons' estate. *See id.* The relevant point of dispute was settled by the court as follows:

> [A]ppellant [American Eagle] contends that the aircraft was not covered by the policy because the "Newly Acquired Aircraft" clause limits coverage "to those aircraft which the named insured, J. Wayne Lemons, acquired by himself." Appellant says that the terms "you" and "your," as used in that clause, are defined in the policy to mean "the person or organization named in Item 1 of the Coverage Identification Page under the heading 'Insured.'" Since J. Wayne Lemons is the only person named in that particular place, appellant contends that only aircraft owned solely by J. Wayne Lemons are covered by that provision of the policy. We disagree.

> ....

The policy before us could have required sole and unconditional ownership in the "Newly Acquired Aircraft" clause but it did not.

*Id.* at 231–32.

■ Likewise, appellee's policy could have required that Foust be the sole and unconditional owner of the Saab, but it did not. Inasmuch as Foust and Budget Auto were both listed as buyers on the certificate of title, we conclude they were at least co-owners of the Saab. *See American Eagle,* 722 S.W.2d at 232. As appellee concedes in its brief, "[t]he policy does not require sole and unconditional ownership for its provisions to be invoked." Whether exclusive or joint, we hold that Foust proved his ownership as a matter of law and sustain his first and second points.[1]

### When Did Foust Become the Owner of the Saab?

■ In his fourth, fifth, and seventh points, Foust contends the trial court erred in granting summary judgment for appellee on the notification issue because appellee failed to prove that ground as a matter of law, Foust proved his timely notification as a matter of law, or alternatively, a material fact issue exists that precludes summary judgment on that basis. In his sixth point, appellant further argues that the trial court erred in denying his motion for summary judgment because he proved as a matter of law that he timely notified appellee of his ownership of the Saab.

In a letter dated June 14, 1995, appellee informed Foust that his hail damage claim was being rejected. The letter alleged that Foust became the owner of the Saab on April 4, when he wrote a check to Stricklin for $11,150. It also stated that because Foust was required to notify appellee within 30 days of becoming the owner of a newly acquired automobile, and because he did not notify appellee until May 11, Foust's notification was outside the 30–day period.

The notice requirement is a condition subsequent which must be complied with in order to keep the policy in effect beyond the 30–day period. *See Pride v. State Farm Fire & Cas. Ins. Co.,* 434 S.W.2d 146, 149 (Tex.Civ.App.—Amarillo 1968, no writ). The issue we must decide is when Foust became the owner of the Saab. If Foust became the owner before April 11, as appellee contends, then Foust's May 11 notice was untimely. If Foust became the owner on or after April 11, as Foust contends, then notification was within the 30 days, and therefore timely.

■ The term "owner" has no definite legal meaning. *See Realty Trust Co. v. Craddock,* 131 Tex. 88, 112 S.W.2d 440, 443 (Tex.1938). Determination of ownership is a conclusion of law based upon established facts. *See Alamo Cas. Co. v. William Reeves & Co.,* 258 S.W.2d 211, 214 (Tex.Civ.App.—Fort Worth 1953, no writ). "In a case where ownership, legal or equitable, sole or less than sole, is an issue between the parties, their statements as to ownership can constitute no more than an expression of their conclusions as to such." *Id.*However, one need not hold legal title in order to have an insurable interest in property. *See Smith v. Eagle Star Ins. Co.,* 370 S.W.2d 448, 450 (Tex.1963); *Jones v. Texas Pacific Indem. Co.,* 853 S.W.2d 791, 794 (Tex.App.—Dallas 1993, no writ). An insurable interest exists when the insured "derives pecuniary benefit or advantage by the preservation and continued existence of the property or would sustain pecuniary loss from its destruction." *Id.*

Foust tendered a check to Stricklin on April 4 for $11,150 in exchange for the Saab. Foust contends the earliest possible date he could have become the owner was April 11, when his check cleared the bank. He relies on*Alamo Cas. Co.*for the proposition that, "[a] true test of ownership as fixed by the Texas Courts is set forth as being a legal right to compel the assignment and transfer of the certificate of title to a vehicle." *Id.,* 258 S.W.2d at 214 (quoting *Churchman v. Ingram,* 56 So.2d 297, 302 (La.App.1951)). Foust argues that he could not compel the

---

1. Based on our resolution of Foust's first and second points, we need not address his third point.

transfer of the certificate of title until at least April 11, when his check cleared, and therefore, notice on May 11, was timely to invoke coverage.

Foust further argues that both his and Stricklin's intent, as evidenced by his affidavit, was that Foust would not become the owner of the Saab until his check cleared and the funds were credited to Stricklin's bank account. The check cleared the bank on April 11. Stricklin did not allow Foust to take possession of the Saab until April 15 and did not transfer title to Foust until May 2. Conversely, appellee argues that Foust became the owner of the Saab on April 4, when he wrote the check, and that thereafter, Stricklin retained mere legal title.

The court in *Nicewarner v. Alston* held that for ordinary sales of personal property, the intention of the parties controls, and their intentions are to be drawn from the circumstances and what they said and did in consummating the sale. *See id.*, 228 S.W.2d 872, 875 (Tex.Civ.App.—Amarillo 1950, writ ref'd, n.r.e.). The court resolved the issue of when one becomes the owner of an automobile as follows:

> Alston purchased the car from Young and gave to Young a draft upon the First State Bank of Morton. Young thereupon delivered full and complete possession of the car to Alston. There is no evidence or suggestion in the record that the draft was not delivered to Young and accepted by him as full payment for the automobile. Nothing whatever was said, and no act or circumstance was shown by the evidence upon which indicated, that possession of the automobile was delivered upon condition that the draft would be paid by the bank. Under such circumstances, the title to the automobile passed to Alston at the time it was delivered.

*Id.*

■ When a buyer tenders part payment and takes possession of a vehicle, that individual becomes the equitable owner, despite the fact that the buyer does not yet have legal title to the car. *See Pride*, 434 S.W.2d. at 148–49. A party acquires equitable title and thereby becomes owner of the vehicle within the meaning of an insurance policy on the day the sales contract is executed and possession is delivered. *See National Auto. & Cas. Ins. Co. v. Alford*, 265 S.W.2d 862, 864–65 (Tex.Civ.App.—Eastland 1954, writ ref'd n.r.e.).

Foust did not tender payment at the same time he took possession of the car. The parties had agreed that Foust would not become the owner of the Saab until his check had cleared and the funds were transferred into Stricklin's account. The earliest that could have occurred was April 11, when Foust's check cleared the bank. However, Stricklin did not allow Foust to pick up the Saab until April 15, retaining sole possession and control of the car until that time.

■ When an automobile insurance policy does not define "owner," then the term may be synonymous with "holder" or "possessor." *Republic Ins. Co. v. Luna*, 539 S.W.2d 69, 70 (Tex.Civ.App.—Beaumont 1975, writ ref'd, n.r.e.). "Owner" has been statutorily defined as a person who: (1) holds the legal title of a vehicle, (2) has the legal right of possession of a vehicle, or (3) has the legal right of control of a vehicle. TEX. TRANSP. CODE ANN. § 502.001(16) (Vernon Supp.1998). We hold as a matter of law that Foust became the owner of the Saab on April 15 when he took possession. Prior to that time, Foust had no control or management of the car. Furthermore, that date coincides with the intention of the parties that ownership of the Saab would not pass to Foust until after his check cleared and the funds were credited to Stricklin's account. *See Nicewarner*, 228 S.W.2d at 875.

It is uncontested that Foust notified appellee on May 11 of his claim resulting from the hail damage to the Saab. Accordingly, he notified appellee of his acquisition of the Saab within 30 days of becoming the owner as required by the policy. Because Foust's ownership of the Saab was established within the 30–day notice period, summary judgment for appellee was improper. We, therefore, sustain Foust's fourth, fifth, and sixth points.[2]

---

**2.** Because we sustain Foust's fourth, fifth, and sixth points, we need not address his seventh point.

## Conclusion

Having sustained Foust's first, second, fourth, fifth, and sixth points, we reverse the trial court's summary judgment in favor of appellee and render judgment in favor of Foust on the ground that he notified appellee within 30 days of becoming the owner of the automobile. Foust is entitled to the following damages:

1) Breach of contract damages in the amount of $5,600;

2) Attorneys' fees in the amount of $3,500 accrued through final judgment in the trial court;

3) Additional attorneys' fees in the amount of $2,500 accrued through final judgment in this court;

3) Pre-judgment interest on the above amounts at the rate of 6% per annum from July 14, 1995; [3]

4) Post-judgment interest on the above amounts at the rate of 10% per annum;

5) $1,000 in additional attorneys' fees if appellee files a petition for review in the Supreme Court of Texas and Foust prevails; and

6) $1,750 in additional attorneys' fees if the Supreme Court of Texas grants a petition for review and Foust prevails.

3. See Tex. Fin.Code Ann. § 302.002 (Vernon 1998).