In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00019-CV


______________________________




TRANESSIA HENRY, Appellant



V.



ANA MARIA ZAPATA-MUNDY, Appellee




 


On Appeal from the County Civil Court at Law No. One


Harris County, Texas


Trial Court No. 737771




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Tranessia Henry has filed an appeal from a jury verdict resulting in a take-nothing judgment
in her lawsuit against Ana Maria Zapata-Mundy. The judgment was signed on October 18, 2002.
The record was therefore due no later than February 18, 2003. Henry has not met the requirements
of Tex. R. App. P. 35.3(b) by paying the reporter's fee or by making satisfactory arrangements with
the court reporter to pay the fee. After we contacted counsel about this failure, on April 14, 2003,
he filed a motion for extension of time to file the record in which he stated he intended to obtain the
record and have it filed and stated that payment would be made for the record by May 15, 2003. 

 We granted the motion based on that representation. We also, however, warned counsel that,
if he had not taken those steps by May 15, the appeal would immediately be subject to dismissal
pursuant to Tex. R. App. P. 42.3(b), (c). We contacted the court reporter on May 23. She informed
this Court counsel had not contacted her or made any effort to pay for the preparation of the record. 

 The appeal is dismissed.



 Jack Carter

 Justice


Date Submitted: May 29, 2003

Date Decided: May 30, 2003



 made three different references to insurance. Zarzoza made each reference
in response to questions regarding why he stopped seeking medical treatment. After the first
reference, Picard moved for a mistrial. The trial court denied the motion and instructed the jury to
disregard Zarzoza's statement. The second and third references were made concurrently. The only
objection Picard raised to these statements was for nonresponsiveness. 

 Also at trial and out of the jury's presence, the parties discussed the admissibility of two
police reports. During these discussions, the trial court asked Picard's counsel to remove the opinion
portions of the police reports before offering them. Picard's counsel agreed and offered the reports
as modified. 

III. Discussion

A. Directed Verdict 

 In his first point of error, Picard contends the trial court should have granted his motion for
a partial directed verdict. In that motion, Picard asserted Zarzoza violated Tex. Transp. Code Ann.
§ 545.301 (Vernon 1999) and therefore was negligent as a matter of law. 

1. Standard of Review

 A directed or instructed verdict is proper when: (1) a specifically indicated defect in the
opponent's pleadings makes it insufficient to support a judgment; (2) the evidence conclusively
proves a fact that establishes a party's right to judgment as a matter of law; or (3) the evidence
offered on a cause of action is insufficient to raise an issue of fact. City of Alamo v. Casas, 960
S.W.2d 240, 248 (Tex. App.-Corpus Christi 1997, pet. denied). We review denials of motions for
instructed verdict by a legal sufficiency, or "no evidence," standard. Id.

 When reviewing legal sufficiency, we consider all the evidence in the light most favorable
to the prevailing party, indulging every reasonable inference in that party's favor. Associated Indem.
Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex. 1998). A legal sufficiency challenge
is sustained when the record discloses: (1) that there is a complete absence of evidence of a vital
fact; (2) that the court is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove a vital fact; (3) that the evidence offered to prove a vital fact is no more
than a scintilla; or (4) that the evidence conclusively establishes the opposite of the vital fact. 
Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). 

2. Analysis

 Texas Transportation Code Section 545.301 provides:

 (a) An operator may not stop, park, or leave standing an attended or
unattended vehicle on the main traveled part of a highway outside a business or
residence district unless: 

 (1) stopping, parking, or leaving the vehicle off the main traveled part
of the highway is not practicable; 

 (2) a width of highway beside the vehicle is unobstructed and open for
the passage of other vehicles; and 

 (3) the vehicle is in clear view for at least 200 feet in each direction
on the highway. 

 (b) This section does not apply to an operator of a vehicle that is disabled
while on the paved or main traveled part of a highway if it is impossible to avoid
stopping and temporarily leaving the vehicle on the highway. 


Tex. Transp. Code Ann. § 545.301. 


 Here, the trial court properly denied Picard's motion for a directed verdict because there was
some evidence on each of the listed exceptions to the statute. See Tex. Transp. Code Ann.
§ 545.301(a)(1), (2), (3). First, there was evidence raising a fact question as to whether Zarzoza's
actions were permissible under the statute's first exception. At trial, Zarzoza testified he tried to
move past the accident site but could not do so safely because there were people in the roadway. 
There was also testimony that other vehicles blocked the shoulder of the road, making it difficult,
if not impossible, for Zarzoza to pull his vehicle to the side of the road. This evidence tends to show
it was not practicable for Zarzoza to pull his vehicle to the side of the road.

 In addition, there was evidence at trial supporting the statute's second and third listed
exceptions-that a width of highway beside the vehicle is unobstructed and open and that the stopped
vehicle is in clear view for at least 200 feet. See Tex. Transp. Code Ann. § 545.301(a)(2). Picard
himself testified the center lane next to Zarzoza's vehicle was open. In addition, a police officer
testified the highway was as "flat as a floor" going back to the I-20 interchange. The interchange was
a one-half mile from the accident site. This testimony provides some evidence Zarzoza's actions
could qualify under the statute's second and third exceptions.

 There was clearly more than a scintilla of evidence raising a fact question as to whether
Zarzoza violated Tex. Transp. Code Ann. § 545.301. Picard's first point of error is overruled. 



B. Property Damages 

 In his second point of error, Picard contends the trial court should not have submitted the
issue of property damages to the jury because Zarzoza did not own the vehicle. Zarzoza insists that,
even though he did not possess a certificate of title to the vehicle, he was still the owner. In the
alternative, Zarzoza asserts that, under the doctrine of pro tanto ownership, he had a cause of action
for property damages. 

1. Standard of Review

 We review allegations of error in the jury charge under an abuse of discretion standard. Tex.
R. Civ. P. 277; Howell Crude Oil Co. v. Donna Refinery Partners, Ltd., 928 S.W.2d 100, 110 (Tex.
App.-Houston [14th Dist.] 1996, no writ) (trial court has wide discretion in submitting jury
questions as well as instructions and definitions). However, review of a trial court's determination
of the legal principles underlying jury charge questions is much less deferential, because "a trial court
has no 'discretion' in determining what the law is or applying the law to the facts." See Hudson
Buick, Pontiac, GMC Truck Co. v. Gooch, 7 S.W.3d 191, 195 (Tex. App.-Tyler 1999, pet. denied)
(citing Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). Determination of
vehicle ownership is a conclusion of law based on established facts. Hudson Buick, 7 S.W.3d at
195-96; Foust v. Old Am. County Mut. Fire Ins. Co., 977 S.W.2d 783, 787 (Tex. App.-Fort Worth
1998, no pet.). Consequently, a clear failure by the trial court to apply the law correctly constitutes
an abuse of discretion. Hudson Buick, 7 S.W.3d at 195. In determining whether the trial court
abused its discretion in the present case, we treat the trial court's submission of property damages
to the jury as a legal conclusion that Zarzoza owned the vehicle to be reviewed with limited
deference to the trial court.

2. Analysis

 In determining vehicle ownership, there are two relevant statutes-Tex. Bus. & Com. Code
Ann. § 2.102 (Vernon 1994) and Tex. Transp. Code Ann. § 501.071(a) (Vernon 1999). Tex. Bus. & Com. Code Ann. § 2.102 applies to transactions in goods. "Goods" are defined
as "all things . . . which are movable at the time of identification to the contract for sale . . . ." Tex.
Bus. & Com. Code Ann. § 2.105(a) (Vernon 1994). Motor vehicles are included in this broad
definition. Hudson Buick, 7 S.W.3d at 197 (citing Assocs. Discount Corp. v. Rattan Chevrolet, Inc.,
462 S.W.2d 546, 549 (Tex. 1970)). Under the Texas Business and Commerce Code, title to goods
passes to the buyer when the seller completes physical delivery of the goods, even if a document of
title is to be delivered at a different time and place. Tex. Bus. & Com. Code Ann. § 2.401(b)
(Vernon 1994).

 In contrast, Tex. Transp. Code Ann. § 501.071(a) provides that "[a] motor vehicle may not
be the subject of a subsequent sale unless the owner designated in the certificate of title transfers the
certificate of title at the time of the sale." The statute further provides that "[a] sale made in violation
of this chapter is void and title may not pass until the requirements of this chapter are satisfied." 
Tex. Transp. Code Ann. § 501.073. While there appears to be a conflict in these statutes regarding
when legal title passes, Tex. Transp. Code Ann. § 501.005 (Vernon 1994) also states that
Chapters 1-9 of the Texas Business and Commerce Code control over its conflicting provisions. See
generally Hudson Buick, 7 S.W.3d at 198 (detailing legislative history behind conflicting
provisions). Therefore, the provisions of the Texas Business and Commerce Code control.

 At trial, there was evidence supporting the trial court's conclusion that Zarzoza owned the
vehicle at the time of the accident. First, both Zarzoza and Efrain testified that, before the accident,
they agreed Zarzoza would purchase the vehicle. In addition, after the accident and before trial,
Zarzoza paid the $1,500.00 salvage money and an additional $4,000.00 to Efrain for the vehicle,
providing evidence of the consummation of their previous agreement. Finally, Zarzoza possessed
the vehicle at the time of the accident, indicating he had taken delivery. Even if the evidence was
disputed about the terms of the agreement between Zarzoza and Efrain, no request for a jury question
was presented to the trial court. Without a jury finding, the trial court had sufficient evidence to
conclude Zarzoza and Efrain entered a sales agreement before the accident. Therefore, because
ownership is a conclusion of law based on established facts and there was evidence of a sales
agreement, the trial court did not abuse its discretion by submitting the question of property damage
to the jury. 

 Because this point of error can be resolved on the issue of ownership, we do not need to
decide whether Zarzoza had a cause of action for property damages under the doctrine of pro tanto
ownership. Picard's second point of error is overruled.

C. Statements about Insurance

 Picard next contends that Zarzoza's testimony about insurance caused reversible error and
that the trial court should have granted his motion for a mistrial. At trial, the following exchanges
took place: 

 [On direct examination:] 


 Q. [Zarzoza's counsel]: Mr. Zarzoza, you have testified about going to
K Clinic. Why did you stop going to K Clinic?

 

 A. [Zarzoza]: Because they did not want to treat me there anymore. 
They told me that the insurance would not pay and so they could not treat me. 


 . . . .


 [On cross-examination:]


 Q. [Picard's counsel]: Do you recall testifying a minute ago that . . . you
stopped going to K Clinic because those doctors refused to see you any more? 

 Were you aware that the doctor said that you failed to attend the
follow-up visits  . . . and that he didn't know what your present physical . . . condition
was?


 A. [Zarzoza]: In all the hospitals when I go there, there is a person . . . . 
And when you go there, you put down your name and your number. That is the
person that told me they could no longer treat me because the insurance had refused. 
And the report was there that they could not treat me. So the last thing the doctor
told me was that he needed to do some tests on my head so he could be sure what was
the matter with me. 

 But when I went the second time, the next time when he told me that,
then they told me that they could not treat me . . . because the insurance had refused
to pay. 


(Emphasis added.)

 After the first exchange, Picard moved for a mistrial. The trial court denied the motion and
instructed the jury to disregard Zarzoza's last statement. After cross-examination, Picard's only
objection was for nonresponsiveness. 

 Our first task is to decide whether Zarzoza's testimony about insurance was admissible under
Tex. R. Evid. 411. If it was, then the trial court properly denied Picard's motion for a mistrial. 

1. Standard of Review

 Decisions on whether to admit or exclude evidence are reviewed for abuse of discretion. See
Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses
its discretion when it acts without regard for any guiding rules or principles. City of Brownsville v.
Alvarado, 897 S.W.2d 750, 754 (Tex. 1995). When reviewing the trial court's decision, we do not
substitute our judgment for the trial court's, but rather we decide whether the trial court's decision
constitutes an abuse of discretion. Onstad v. Wright, 54 S.W.3d 799, 808 (Tex. App.-Texarkana
2001, pet. denied) (citing Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991)). 

2. Analysis

 Tex. R. Evid. 411 provides that evidence of a defendant's liability insurance is not admissible
on the issue of negligence. The purpose of Tex. R. Evid. 411 is to avoid informing the jury someone
other than the defendant may be liable to pay the defendant's damages. See Brownsville Pediatric
Ass'n v. Reyes, 68 S.W.3d 184, 193 (Tex. App.-Corpus Christi 2002, no pet.). Not every mention
of the word "insurance" is grounds for a mistrial, or even error. See id. (no error to mention
insurance in context of issuance of annuity); Thornhill v. Ronnie's I-45 Truck Stop, Inc., 944 S.W.2d
780, 794 (Tex. App.-Beaumont 1997, writ dism'd by agr.) (no error found where insurance injected
but offered, not to show negligence, but to show control over premises). 

 Here, Zarzoza referenced insurance to explain why he stopped receiving medical treatment
and to rebut the suggestion that he was not seriously injured. References to insurance in these
instances are not the type that Tex. R. Evid. 411 protects. See id. In addition, other than making
general assertions, Picard has not shown he was harmed or prejudiced by these references. In
support of his argument, Picard only cites cases involving a defendant's liability insurance. See
Hemmenway v. Skibo, 498 S.W.2d 9 (Tex. Civ. App.-Beaumont 1973, writ ref'd n.r.e.) (concluding
it was error to make subtle references to both existence and amount of defendant's liability coverage);
A.J. Miller Trucking Co. v. Wood, 474 S.W.2d 763, 766 (Tex. Civ. App.-Tyler 1971, writ ref'd
n.r.e.) ("It is well settled that it is reversible error to disclose to the jury that the defendant has
liability insurance."); Brockett v. Tice, 445 S.W.2d 20, 21 (Tex. Civ. App.-Houston [1st Dist.] 1969,
writ ref'd n.r.e.) (concluding it was error to ask venire "whether any of them thought that a verdict
in this case would affect their insurance rates," necessarily asking venire to infer defendant had
liability insurance).

 Injection of insurance into a trial does not automatically create reversible error. Babcock v.
Northwest Mem'l Hosp., 767 S.W.2d 705, 708 (Tex. 1989); Dennis v. Hulse, 362 S.W.2d 308, 309
(Tex. 1962). It is essential the complaining party establish that the mere word "insurance" was
prejudicial and actually caused an improper verdict. See Beall v. Ditmore, 867 S.W.2d 791, 795
(Tex. App.-El Paso 1993, writ denied); Tripp v. Bloodworth, 374 S.W.2d 713, 717 (Tex. Civ.
App.-Eastland 1964, writ ref'd n.r.e.). In the absence of a clear showing by the complaining party
that any reference to insurance resulted in any harm or prejudice, refusal to declare a mistrial is not
error. See Red Ball Motor Freight, Inc. v. Cordova, 332 S.W.2d 753, 757 (Tex. Civ.
App.-Beaumont 1960, writ ref'd n.r.e.). The usage here of "insurance" does not refer to liability
insurance, but was an explanation of why further medical treatment was not undertaken. The trial
court instructed the jury to disregard the statement. It must be presumed the jury followed the court's
instruction. Duncan v. Smith, 393 S.W.2d 798, 805 (Tex. 1965); Cook v. Caterpillar, Inc., 849
S.W.2d 434, 441(Tex. Civ. App.-Amarillo1993, writ denied). The harm the rule was designed to
prevent is not applicable here. See Thornhill, 944 S.W.2d at 794. The trial court did not abuse its
discretion in allowing Zarzoza's testimony and, therefore, did not err in denying Picard's motion for
a mistrial.

 Picard's third point of error is overruled. 

D. Opinion Portions of Police Reports

 In his final point of error, Picard contends the trial court erred by asking his counsel to leave
out the opinion portions of two police reports before offering them into evidence. 



1. Standard of Review

 As discussed above, decisions whether to admit or exclude evidence are reviewed for abuse
of discretion. See Owens-Corning Fiberglas Corp., 972 S.W.2d at 43. Trial courts may exclude
relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury. See Tex. R. Evid. 403; State v. Malone Serv. Co.,
829 S.W.2d 763, 767 (Tex. 1992). An appellate court must uphold the trial court's evidentiary ruling
if there is any legitimate basis for the ruling. See Owens-Corning Fiberglas Corp., 972 S.W.2d at
43 (citing State Bar of Tex. v. Evans, 774 S.W.2d 656, 658 n.5 (Tex. 1989)). Moreover, we will not
reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition
of an improper judgment. See Tex. R. App. P. 44.1; see also Gee v. Liberty Mut. Fire Ins. Co., 765
S.W.2d 394, 396 (Tex. 1989). A successful challenge to evidentiary rulings usually requires the
complaining party to show that the judgment turns on the particular evidence excluded or admitted. 
See Alvarado, 897 S.W.2d at 754. We determine whether the case turns on the evidence excluded
by reviewing the entire record. Id.

2. Analysis

 In the present case and during a bench conference, the trial court suggested that Picard redact
the opinion portions of the police reports, including conclusions, factors, and diagrams. The trial
court made this suggestion because the officer testified as a lay witness and not an expert. The
officer was precluded from giving opinion testimony for this same reason. Picard's counsel agreed
and offered the reports as modified. A trial court may exclude relevant evidence if its probative
value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury. See Tex. R. Evid. 403; Malone Serv. Co., 829 S.W.2d at 767. Here, Picard had
the option of attempting to qualify the officer as an expert, but failed to identify him as an expert in
his responses to requests for disclosure. Over Zarzoza's objection, the trial court allowed the officer's
testimony, but only as a lay witness. The request to redact the conclusions, opinions, diagrams, and
factors from the reports was within the sound discretion of the trial court to ensure that jurors were
not confused or misled by the officer's designation as a lay witness. In reviewing the record as a
whole, we conclude the trial court did not abuse its discretion by excluding the opinion portions of
the police reports. 

 Further, Picard waived error by failing to offer the opinion portions of the police reports and
by not objecting to the trial court's suggestion to redact the exhibits. To preserve error in the
exclusion of evidence, a party must do the following: (1) attempt to introduce the evidence, (2) if
an objection is lodged, specify the purpose for which the evidence is offered and specify reasons why
the evidence is admissible, and (3) if the trial court rules the evidence inadmissible, make a record,
through a bill of exceptions, of the precise evidence the party desires admitted. Melendez v. Exxon
Corp., 998 S.W.2d 266, 274 (Tex. App.-Houston [14th Dist.] 1999, no pet.). Here, Picard never
offered into evidence the opinion portions of the police reports or filed a bill of exceptions. Rather,
he agreed to the redaction and, therefore, did not preserve error. Picard's fourth point of error is
overruled. 

 We affirm the judgment.




 Jack Carter

 Justice


Date Submitted: January 16, 2003

Date Decided: February 11, 2003